UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
VLAD LYUBOVNY p/k/a "DJ VLAD,"  : 08 Civ. 7252 (PGG)
:
                Plaintiff, :
:
   -against- :
:
WILLIAM LEONARD ROBERTS II p/k/a "RICK ROSS," :
:
                Defendant. :
------------------------------------------------- x

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S LIMITED APPEARANCE, MOTION TO QUASH SERVICE, MOTION TO DISMISS, AND MOTION TO CHANGE VENUE**

---

**CAPLAN & ROSS, LLP**
100 Park Avenue, 18th Floor
New York, New York  10017
(212) 973-2376

*Counsel for Plaintiff*

## PRELIMINARY STATEMENT

This Memorandum is submitted in opposition to Defendant's Limited Appearance, Motion to Quash Service, Motion to Dismiss, and Motion to Change Venue (the "Motion"). While Defendant has now withdrawn the Motions as to jurisdiction and venue, he continues to assert that he was not properly served. See Stipulation and Order, dated November 20, 2008, annexed to the Declaration of Brian D. Caplan, ¶ 1, Exhibit 1 ("Caplan Dec."); Defendant's Motion ¶¶ 6, 11. For the reasons set forth below, Defendant's Motion to Quash Service should be denied, and Defendant ordered to Answer the Complaint.

## STATEMENT OF FACTS

Following a brutal assault upon him, engineered and conducted under the direction of Defendant, Plaintiff Vlad Lyubovny p/k/a "DJ Vlad" ("Plaintiff") commenced this Action on August 15, 2008. Caplan Dec., ¶ 8, Exhibit 2. Plaintiff alleges that Defendant lured Plaintiff to the Hilton Hotel in Houston, Texas, and directed his accomplices to brutally assault, batter and strike Plaintiff, severely injuring him, as retaliation for Plaintiff's investigation into and reporting on Defendant's past as a correctional officer. Caplan Dec. ¶¶ 2, 4-5.

On August 19, 2008, Plaintiff's attorneys wrote to Defendant's transactional attorney, Theodor Sedlmayr, advising him of this action and requesting that he advise as to whom Defendant had retained to represent him in this action. See Caplan Dec., ¶ 7. On August 30, 2008, Defendant was personally served with the summons and complaint in this action at a concert venue in Michigan where he had performed that night. See Caplan Dec., ¶ 8, Exhibit 4. A follow up letter was sent to Mr. Sedlmayr on September 25, 2008. He did not respond. See Caplan Dec., ¶ 8, Exhibit 5.

On or about October 15, 2008, Defendant served the instant Motion. While Defendant denies that service was effected upon him, he does not dispute the process server's sworn statements that

1

Defendant was at the concert venue on August 30. Defendant likewise does not dispute the description of him contained in the Affidavit of Service. Defendant's Motion is solely based upon his bare denial of service. See Motion at ¶ 6 ("I was never personally served or otherwise served process in this case").

ARGUMENT

POINT I

AS DEFENDANT'S MOTION DOES NOT REBUT PLAINTIFF'S PRIMA FACIE CASE OF PROPER SERVICE OF PROCESS, THE MOTION SHOULD BE DENIED

Under applicable New York law, "[a] process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [courts] presume that [the defendant] was properly served with the complaint." FBM Holdings LLC, v. Goldwerks, Inc., 2006 WL 1229160, at *2 (E.D.N.Y. May 5, 2006) *citing* Old Republic Ins. Co. v. Pacific Fin. Servs. Of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002) (internal quotations omitted). Though a defendant's sworn denial can rebut the presumption of proper service, making an evidentiary hearing necessary, "[n]o evidentiary hearing is required 'where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" Id. The Court is only required to hold an evidentiary hearing if a Defendant submits his own sworn affidavits containing **specific facts** rebutting the statements in the process server's affidavits. A general conclusory denial is not enough. 425 East 26th Street Owners Corp. v. Beaton, 858 N.Y.S.2d 188, 189 (2d Dept. 2008) ("bare denial of service" is insufficient); Old Republic Ins. Co. v. Pacific Financial Services, 301 F.3d at 58 (no evidentiary hearing necessary prior to denying motion, since defendant did not dispute material facts contained in process server's affidavit).

2

For example, in <u>Davis v. Musler</u>, the Second Circuit held that an evidentiary hearing was necessary because Defendants submitted affidavits swearing they had not been home at the time the process server's affidavit alleged service took place, thereby presenting the Court with directly conflicting affidavits. <u>Davis v. Musler</u>, 713 F.2d 907, 914 (2d Cir. 1983). Likewise, in <u>FBM Holdings</u>, 2006 WL 1229160, at *3, the defendant specifically denied ever living at the address where he was allegedly served. In <u>Green Point Savings Bank v. Taylor</u>, 460 N.Y.S.2d 121, 122 (2d Dept. 1983), the Court found an evidentiary hearing required because Defendant's affidavit specifically disputed the description of her contained in the process server's affidavit and further stated that she was at her Manhattan work address at the time of the alleged service, and thus could not have been served at her Long Island home, as sworn to in the process server's affidavit.

In the instant case, Defendant does no more than assert that he "was never personally served or otherwise served process in this case." Such conclusory allegations do not to rise to the level of specificity required by the Court to rebut the statements in the process server's sworn Affidavit of Service (Caplan Dec., ¶¶ 8-10, Exh. 4), which provides a description of Defendant and affirms that Defendant was personally served on August 30, 2008 at a concert venue in Michigan, where he was performing that night. Here, unlike the specific denial of personal service in <u>Davis</u>, Defendant does not dispute that he performed at the concert venue in Michigan on August 30, 2008, nor that he matches the description of the person served. In fact, he does not deny any of the process server's statements.

As Defendant has not produced any directly conflicting facts to the process server's affidavit, it is respectfully submitted that no evidentiary hearing is needed and the Motion should be summarily denied. <u>425 East 26th Street Owners Corp.</u> ("bare denial of service" is insufficient to rebut process server's affidavit, and thus "no hearing was required" prior to the Court summarily

3

denying defendant's motion). Alternatively, if the Court finds conflicting facts, an evidentiary hearing must be held before an order quashing service can be entered. See Old Republic Insurance Co. v. Pacific, 301 F.3d at 57.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion be Denied and Defendant ordered to Answer the Complaint, or alternatively, an evidentiary hearing be scheduled, and Plaintiff granted such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
       November 21, 2008

                                CAPLAN & ROSS, LLP

                                By: _____
                                    Brian D. Caplan (BC-1713)
                                    Jonathan J. Ross (JR 0581)
                                100 Park Avenue, 18th Floor
                                New York, New York 10017
                                (212) 973-2376

                                Attorneys for Plaintiff
                                Vlad Lyubovny

4

## **CERTIFICATE OF SERVICE**

I, Nicole L. Mondschein, hereby certify that on November 21, 2008, I caused to be served a true and correct copy of the within Memorandum of Law in Opposition to Defendant's Limited Appearance, Motion to Quash Service, Motion to Dismiss, and Motion to Change Venue by First Class Mail upon the following:

Allan Stephen Zamren, Esq.
44 West Flagler Street
Suite 2225
Miami, Florida 33130
Attorney for Defendant

Dated: November 21, 2008
       New York, New York

                                                Nicole L. Mondschein (NM 5610)