UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VLAD LYUBOVNY p/k/a "DJ VLAD"

    Plaintiff,

    v.                                                                              CASE NO.: 08-cv-07252-PGG

WILLIAM LEONARD ROBERTS II p/k/a RICK ROSS

    Defendant.
_____/

**Defendant, Memorandum Of Law And Response To Plaintiff's Memorandum Of Law In Opposition To Defendant's Limited Notice Of Appearance, Motion To Quash Service, Motion To Dismiss And Motion To Change Venue And Accompanying Exhibits.**

**Preliminary Statement:**

This Memorandum is submitted in Response to Plaintiffs Memorandum Of Law In Opposition To Defendant's Limited Notice Of Appearance, Motion To Quash Service, Motion To Dismiss And Motion To Change Venue And Accompanying Exhibits herein Response.

    That, as previously stated Defendant has withdrawn Motions as to jurisdiction and venue.

    That, Defendant, continues to assert he was not properly served process. Plaintiff summons is defective. The process server Return Of Service and Declaration Of Service does not comply with either Michigan Rules Of Civil Procedure (where summons and Complaint where allegedly served upon Defendant) or Federal Rules Of Civil Procedure. For reasons set forth below, Defendant, Motion To Quash Service should be granted. Defendant, Motion To Dismiss should be granted and Plaintiff Ordered to properly serve Defendant.

**Statement Of Facts**

    1. Plaintiff Complaint alleges an assault took place upon Plaintiff at a Hilton Hotel in Houston Texas on or about August 10, 2008.

    2. Plaintiff Complaint alleges Defendant lured Plaintiff to the Hilton Hotel and directed Defendant accomplices to brutally assault, batter and strike Plaintiff. Which Defendant shall dispute in either a subsequent Motion To Dismiss for any and all reasons including but not limited to, Plaintiff failure to state a cause of action upon which relief can be granted or by answer, affirmative defenses and counterclaim(s).

    3. Plaintiff has not provided nor named any of these alleged "accomplices" in Plaintiff Complaint.

    4. Plaintiff has not provided any incident report as Exhibit to Plaintiff Complaint documenting this alleged incident.

5. Plaintiff has not attached any police report as Exhibit to Plaintiff Complaint documenting this alleged incident.

6. Plaintiff has not provided any 911 tape or other documentation or information as Exhibit to Plaintiff Complaint evidencing Plaintiff contacted anyone to report this alleged incident.

7. That, counsel for Plaintiff stated he wrote Defendant transactional lawyer Theodor K. Sedlmayr, Esq. advising Mr. Sedlmayr of this case. And requested Mr. Sedlmayr advise Defendant and determine who Defendant had retained to represent him.

8. That, Defendant has contested the fact he was personally served process of summons and Complaint allegedly in a concert venue in Sterling Heights, Michigan where he performed evening of August 30, 2008. Exhibit A. Defendant, Affidavit.

9. Defendant first became aware of this law suit from Mr. Sedlmayr, Esq.

10. Mr. Sedlmayr, Esq. told Defendant he was not going to represent Defendant in this case.

11. Defendant for purposes of disputing service of process previously filed a Limited Appearance and Motion To Quash Service, Motion To Dismiss And Motion To Change Venue pro se prior to retaining counsel.

12. Defendant being a recording artist, well known in the community does not deny the fact of Defendant physical description provided by process server in Return.

13. However, Defendant, did and does in fact deny service of process was effectuated upon him and denies certain statements made in Plaintiff, process server Return And Declaration.

## ARGUMENT
## POINT I

Defendant's Motion and Affidavit does rebut Plaintiff's prima facie case of proper service of process. Defendant's Motion To Quash Service Of Process and Motion To Dismiss Plaintiff Complaint should and must be granted.

The Return and Declaration of Plaintiff process server is in direct conflict with the statements and facts contained in Defendant Affidavit. As such if the court finds conflicting facts an evidentiary hearing must and should and be held before an order quashing service can be entered. Therefore this Honorable Court in the interest of fairness and equity must either quash Plaintiff service of process or order an evidentiary

hearing.  Old Republic Insurance Co.v.Pacific 301F.3d.at57.

## ARGUMENT
## POINT II

Plaintiff summons is defective ab initio as it states "…within 30 days after service… " Exhibit B. The time frame to respond to a summons and complaint is twenty (20) days pursuant to Federal Rules Of Civil Procedure. Since Plaintiff summons is defective ab initio any service of a defective summons would also be defective. As Defendant, would not be aware of the correct time constraints to respond.

## ARGUMENT
## POINT III

Plaintiff process server does not provide an Affidavit Of Service but simply a Return and Declaration. Exhibit C. Federal Rule Civil Procedure 4, paragraph 1 proving service  (1) states. Affidavit Required.

> "Unless service is waived , proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the service's Affidavit."

Affidavit is defined in Black's Law Dictionary 4th Edition Revised 1973 as follows.

> **AFFIDAVIT**. A written or printed declaration or statement of facts, made voluntarily and having confirmed by the oath or affirmation of the party making it, taken before an officer authority to administer such oath. Cox v. Stern, 48 N.E. 906, Hays v. Loomis, 84 Ill. 18. A statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation. Shelton v. Berry, 19 Tex. 154, In re Breidt, 84 N.J.Eq. 222. June v. School Dist. No. 11, 283 Mich 533.
>
> Any voluntary ex parte statement reduced to writing and sworn to or affirmed before some person legally authorized to administer oath or affirmation, made without notice to adverse party and without opportunity to cross-examine. Kirk v. Hartlieb, 97 S.W.2d 434,   435.

Moreso, Michigan complied Laws 600.1831 Rules 2.104 Process, Proof Of Service states:

An affidavit stating the facts of service, including the manner, time, date and place of service, and indicating
the process server's official capacity, if any. The place of service must be described by giving the address where the service as made or, if the service was not made at a particular address,  by another description of the location.

In this case, there is no oath upon the Return taken before an officer having authority to administer such oath.  The Declaration does not comply with either Michigan Rules Of Civil Procedure where service of process was allegedly effectuated upon Defendant or pursuant to Federal Rules Of Civil Procedure

Clearly, the process server Declaration is not an Affidavit.

## CONCLUSION

For all of the proceedings reasons, Defendant, respectfully requests this Honorable Court enter an Order granting Defendant, Motion To Quash Service. And enter an Order dismissing Plaintiff Complaint. Or alternatively Order an evidentiary hearing  to be scheduled. And Defendant granted such other and further relief as this Honorable Court deems equitable and just  based upon the abovestated factors and circumstances of this cause of action.

  WHEREFORE, Defendant, William Leonard Roberts II files this Defendant, **Memorandum Of Law And Response To Plaintiff's Memorandum Of Law In Opposition To Defendant's Limited Notice Of Appearance, Motion To Quash Service, Motion To Dismiss And Motion To Change Venue And Accompanying Exhibits** based upon abovestated factors and circumstances and for such other and further relief as this Honorable Court deems equitable and just under circumstances of this cause of action.

            Respectfully submitted,
            LAW OFFICES ALLAN STEPHEN ZAMREN
            Allan Stephen Zamren, Esq.
            counsel for Defendant, Roberts
            44 West Flagler Street
            suite #:2225
            Miami, Florida 33130
            (305) 372-9912

            By: _____S/_____
              Allan Stephen Zamren, Esq.
              (AZ-1403)

## CERTIFICATE OF SERVICE

  I DO HEREBY CERTIFY, true and correct copy of, **Memorandum Of Law And Response To Plaintiff's Memorandum Of Law In Opposition To Defendant's Limited Notice Of Appearance, Motion To Quash Service, Motion To Dismiss And Motion To Change Venue And Accompanying Exhibits** was forwarded this 26th day of November, 2008 to:

United States Federal District Court
Attn: Clerk Of Courts
500 Pearl Street
New York, New York 10007

United States Federal District Court
The Honorable United States Federal District Court Judge Paul G. Gardephe
500 Pearl Street
Room #: 920
New York, New York 10007
(212) 805-7986

Caplan & Ross, LLP
Attn: Brian D. Caplan, Esq.
100 Park Avenue
18th Floor
New York, New York 10017
(212) 661-4290

            By: _____S/_____
              Allan Stephen Zamren, Esq.