UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VLAD LYUBOVNY p/k/a "DJ VLAD"

    Plaintiff,

    v.                                                       CASE NO.: 08-cv-07252-PGG

WILLIAM LEONARD ROBERTS II p/k/a RICK ROSS

    Defendant.

_____/

**Defendant, Response To Declaration Of Brian D. Caplan In Opposition To Defendant's Motion To Quash Service , Motion To Dismiss And Motion To Change Venue**

1. I, Allan Stephen Zamren hereby declare, under penalty of perjury pursuant to 28 U.S.C. 1746, as follows:

2. I am the attorney representing Defendant, William Leonard Roberts, II in this case.

3. I am duly licensed in good standing to practice law in the State Of New York since February, 1984 as well as the United States Federal District Court Southern District Of New York since January 21, 1988.

4. I submit this Response To Declaration Of Brian D. Caplan In Opposition To Defendant's Motion To Quash Service , Motion To Dismiss And Motion To Change Venue herein Plaintiff Declaration.

5. Defendant has withdrawn those aspects of his Motion otherwise challenging jurisdiction and venue based upon Stipulation dated November 20, 2008. Previously annexed as Exhibit 1 to Plaintiff Declaration.

**Underlying Facts Of Defendant's Response To Plaintiff, Claim And Service Of Complaint**

6. Defendant, is a resident of Florida having no ties to City Of New York, State Of New York.

7. Defendant, agrees if and when proper service of process is effectuated upon him and a proper cause of action filed against him to defend this case. By filing applicable answer, affirmative defenses and counterclaims as necessary.

8. Defendant, is a recording artist and performer.

9. Defendant, without attacking the sufficiency of Plaintiff Complaint is unaware of ever being a correction officer as stated in Plaintiff Complaint and Plaintiff Declaration.

10. Defendant, did not at any time material to Plaintiff Complaint personally nor through Defendant associates, based upon Plaintiff coverage of Defendant upon Plaintiff hip-hop website lure Plaintiff to a Hilton Hotel in Houston Texas. And direct Defendant accomplices to allegedly brutally assault, batter and strike Plaintiff about Plaintiff head and body severely injuring Plaintiff as stated in Plaintiff Complaint, paragraph numbers seventeen though thirty two (17-32).

11. In fact Defendant, first became aware of this case being commenced against him August 15, 2008 in this jurisdiction when he was notified by his entertainment attorney Theodor K. Sedlmayr, Esq. Mr. Sedlmayr having been contacted by Brian D. Caplan, Esq. Plaintiff attorney.

12. Defendant contests for all purposes of this Response to Plaintiff, Declaration Defendant ever being personally served a summons and Complaint which form the basis of this case. Exhibit A, Defendant,

Affidavit. Allegedly at a concert in Sterling High, MI (sic) where Defendant performed that night at a venue

named Freedom Hil (sic).

13. Moreso, Defendant is almost always surrounded by body guards, security personnel, police or management as Defendant was the night of the concert. And further approximately one thousand people attended Defendant, concert.

14. It was not until this counsel obtained, through pacer system, a copy of Plaintiff return of service of process was he or Defendant, ever aware Defendant, had allegedly been served process as abovestated.

15. That, moreso, Plaintiff, process server Jonathan Z, (Last Name Unreadable) has filed a Return Of Service and Declaration Of Service herein Return and Declaration. The process server Return states the height and weight of Defendant and the process server states "I am familiar with Rick Ross as I am a fan of

his." The above could be stated by anyone who knows Mr. Roberts, visits Mr. Roberts website or is familiar

with Mr. Roberts through magazines, the Internet, CD's or DVD's.

16. The process server does not state the address of the venue where he allegedly served

Defendant. Nor is the process server able to currently spell the name of the venue or the city where he allegedly served Defendant.

17. However, in order to properly respond and not have any collateral issues come forward, Defendant, Pro Se filed a Limited Appearance Motion To Quash Service, Motion To Dismiss And Motion To Change Venue. Serving these documents facsimile mail and express mail upon:

    A)    United States Federal District Court
           Attn: Clerk Of Courts
           500 Pearl Street
           New York, New York 10007

    B)    United States Federal District Court
           The Honorable United States Federal District Court Judge
           Paul G. Gardephe
           500 Pearl Street
           room #: 920
           New York, New York 10007

    C)    Caplan & Ross, LLP
           Attn: Nicole L. Mondschein, Esq.
           100 Park Avenue
           18th Floor
           New York, New York 10017

18. Again without attacking the sufficiency of Plaintiff Complaint as stating or failing to state a cause of action against Defendant. Plaintiff Complaint states bare bones allegations and lacks including but not limited to, as Exhibits for example:

    A)    Incident report.
    B)    Police report.
    C)    Names of individuals who allegedly injured Plaintiff.

19. Plaintiff, summons is defective ab initio based upon the fact the summon states "…within 30 days after service…" Exhibit B. Plaintiff summons was issued August 15, 2008. Pursuant to Federal Rules Of Civil Procedure the summons must state within twenty (20) days after service to respond.

20. The process server does not file an Affidavit Of Return Of Service but simply a Declaration. Exhibit C.

21. Based upon all the abovestated it is respectfully requested an evidentiary hearing be Ordered to address the issues of insufficiency of service of process upon Defendant, the defective summons and the process server not complying with either Michigan Rules Of Civil Procedure or Federal Rules Of Civil Procedure. Again without Defendant waiving any and all including but not limited to, Defendant, other rights or remedies to file a Motion To Dismiss as to the merits of Plaintiff case a potential answer,

affirmative defenses and counter claims, as applicable.

It is respectfully submitted that Defendant, Motion To Quash Service And Motion To Dismiss be granted or alternatively an evidentiary hearing be scheduled to address the issues of the summons service of process and the Return Of Service and Declaration of Service.

WHEREFORE, Defendant, William Leonard Roberts II, files before this Honorable Court, this Defendant**, Response To Declaration Of Brian D. Caplan In Opposition To Defendant's Motion To Quash Service , Motion To Dismiss And Motion To Change Venue** based upon abovestated factors and circumstances and for such other and further relief as this Honorable Court deems equitable and just under circumstances of this cause of action.

Respectfully submitted,
LAW OFFICES ALLAN STEPHEN ZAMREN
Allan Stephen Zamren, Esq.
counsel for Defendant, Roberts
44 West Flagler Street
suite #:2225
Miami, Florida 33130
(305) 372-9912

By: _____S/_____
Allan Stephen Zamren, Esq.
(AZ-1403)

**AFFIRMATION OF SERVICE**

I DO HEREBY CERTIFY, true and correct copy of, **Response To Declaration Of Brian D. Caplan In Opposition To Defendant's Motion To Quash Service , Motion To Dismiss And Motion To Change Venue** was forwarded both regular mail and facsimile mail this 24th day of November, 2008 to:

United States Federal District Court
Attn: Clerk Of Courts
500 Pearl Street
New York, New York 10007

United States Federal District Court
The Honorable United States Federal District Court Judge Paul G. Gardephe
500 Pearl Street
Room #: 920
New York, New York 10007
(212) 805-7986

Caplan & Ross, LLP
Attn: Brian D. Caplan, Esq.
100 Park Avenue
18th Floor
New York, New York 10017
(212) 661-4290

By: _____S/_____
Allan Stephen Zamren, Esq.