UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VLAD LYUBOVNY p/k/a "DJ VLAD"

    Plaintiff,

    v.                                CASE NO.: 08-cv-07252-PGG

WILLIAM LEONARD ROBERTS II p/k/a RICK ROSS

    Defendant.
    _____/

**SECOND MOTION TO DISMISS PLAINTIFF COMPLAINT FOR INSUFFICIENT AND DEFECTIVE SERVICE OF PROCESS, DEFECTIVE SUMMONS AND FOR ENLARGMENT OF TIME BASED UPON TIME LIMITATIONS TO AMEND MOTION AND PROVIDE MEMORANDUM OF LAW AND ACCOMPANYING EXHIBITS AND FOR EVIDENTIARY HEARING.**

    COMES NOW, the Defendant, William Leonard Roberts II herein Defendant, by and through his undersigned counsel, Law Offices Allan Stephen Zamren herein counsel for Defendant without waiving jurisdiction or any jurisdictional defenses, including but not limited to, lack of jurisdiction over the person; lack of jurisdiction over the subject matter; insufficiency of process; insufficiency of service of process; and failure to state a cause of action, as well as all defenses, both mandatory and discretionary provided for under Federal Rules Of Civil Procedure and Local Rules Of United States District Court Southern District Of New York and files before this Honorable Court this Defendant, **Second Motion To Dismiss Plaintiff Complaint For Insufficient And Defective Service Of Process, Defective Summons And For Enlargement of Time Based Upon Time Limitations To Amend Motion And Provide Memorandum Of Law And Accompanying Exhibits And For Evidentiary Hearing** stating as follows:

A) I, Allan Stephen Zamren hereby declare, under penalty of perjury pursuant to 28 U.S.C. 1746, as follows:

B) I am the attorney representing Defendant, William Leonard Roberts, II in this case.

C) I am duly licensed in good standing to practice law in the State Of New York since February,

1984 as well as the United States Federal District Court Southern District Of New York since January 21, 1988.


1. Two (2) summons and one (1) complaint in abovereferenced case with blank whited out date on one (1) summons and date of alleged service upon other summons of January 01, 2009; 9:13 a.m. were left in mail box of the home of Defendant:

    1750 Northwest 193rd Street

    Opalocka, Florida 33056

    Composite Exhibit A.

2. A brown envelope containing a summons and complaint in abovereferenced case postmark date January 06, 2009 with no return address was left in mail box of the home of Defendant.

    1750 Northwest 193rd Street

    Opalocka, Florida 33056

    Exhibit B.

3. January 22, 2009; 3:20 p.m., a summons and complaint in abovereferenced case was taped with scotch tape to a home owned by Defendant, located:

    10398 Laurel Road

    Davie, Florida 33328

    Stating: Name: Posted. P.S. C. Pallis #: 723 Exhibit F.

4. On the abovestated dates no one was present in either of those homes. Affidavit Of Tommie Roberts. Exhibit C. (To Follow) Affidavit of Tawanda Roberts. Exhibit D (To Follow) Affidavit Of William Leonard Roberts, II. Exhibit E. (To Follow).

5. Thereafter two (2) e-filings were received by counsel for Defendant, through counsel for Plaintiff Friday, January 23, 2009 alleging that service of process was effectuated upon Defendant, on the abovestated dates by "Affix And Mail" allegedly pursuant to New York Statute NYCPLR Sec.308(4).

6. Thereafter, two (2) telephone calls approximately 3:00 p.m. and 4:00 p.m. were received from Candy, secretary to counsel for Plaintiff, Brian Caplan, Esq., requesting facsimile number to counsel for Defendant law office.

7. At that time counsel for Defendant was returning from court. Counsel for Defendant assistant Silvana advised Candy the facsimile number was not functioning properly.

8. Friday, January 09, 2009 approximately 4:30 p.m. counsel for Defendant called the law office of counsel for Plaintiff and spoke to Candy and also advised Candy he was having problems with receipt of facsimiles.

9. Candy then transferred the call of counsel for Defendant who spoke to William Ross, Esq. Mr. Ross read counsel for Defendant a January 23, 2009 letter being sent by counsel for Plaintiff to the Honorable Federal District Court Judge Paul G. Gardephe herein Judge Gardephe as to abovestated service. This being the letter along with documents (which counsel for Defendant was not aware of at that time) Candy wanted to send facsimile mail to counsel for Defendant.

10. Counsel for Plaintiff letter stated to paraphrase, efforts have been made to effectuate service of process upon Defendant, and service of process had now been effectuated upon by Defendant by mailing and posting to two (2) of Defendant, addresses pursuant to Civil Practice Law and Rules Of New York. This letter and accompanying documents being received in counsel for Defendant law office Federal Express Mail Monday, January 26, 2009 approximately 12:00 p.m. while counsel for Defendant was in State criminal court.

11. Counsel for Defendant, based upon this incredibly short time limitation responds to counsel for Plaintiff letter and accompanying documents sent to Judge Gardephe.

12. Florida Rules Of Civil Procedure Chapter 48 and its subsections do not permit posting or

mailing of service of process upon an individual in a civil action.

13. Florida Rules Of Civil Procedure provide, for example, specific guidelines for service of process for non-resident motor vehicle drivers, foreign corporations and other entities.

14. Florida Rules Of Civil Procedure provide for service of process upon an individual at the residence over the age of fifteen (15) years.

15. Florida Rules Of Civil Procedure only provide service of process by posting in Tenant Eviction Actions and do not provide service of process by mailing.

16. None of the above Florida statutory requirements were complied with by counsel for Plaintiff process server as to Defendant. Who counsel for Plaintiff is fully aware frequently travels both within and without the State of Florida.

17. Further, counsel for Plaintiff, is still attempting to effectuate service of process upon Defendant, by a summons issued and dated August 15, 2008.

18. The August 15, 2008 summons has already been used to effectuate what was determined by this Honorable Court to be a prior defective service of process upon Defendant.

19. Counsel for Plaintiff is also attempting to "hang his hat" as to the alleged service of process upon Defendant, through New York Statutes which have no validity in the State of Florida.

20. Moreso, counsel for Plaintiff needs to determine which date of alleged service of process upon Defendant, he is planning to "hang his hat" upon. Service of process allegedly effectuated upon Defendant January 06, 2009, January 22, 2009 or some other date in other for counsel for Defendant, to be permitted sufficient and reasonable time to properly and thoroughly respond.

21. Federal Rules Of Civil Procedure would require at the very least for Plaintiff to obtain an Alias summons for service of process upon Defendant.

22. Federal Rules Of Civil Procedure also require this Honorable Court to determine at hearing either evidentiary or otherwise whether service of process upon a Defendant, residing out of State in a Federal action commenced in this district is governed by the Rules Of The Court where the action was commenced or the Rules Of The Court where the Defendant resides.

23. For these and other reasons to be argued Ore Tenus it is again requested Plaintiff, Complaint be dismissed based upon Insufficient and defective service of process and defective summons.

24. It is further requested counsel for Defendant, be provided reasonable and sufficient time based upon the time limitations to Amend this Motion to provide a Memorandum Of Law, accompanying documents and for an evidentiary hearing.

25. And it is further requested once there has been effectuation of proper service of process upon Defendant, counsel for Defendant, be permitted a reasonable and sufficient time to answer, file applicable affirmative defenses, counterclaims and as applicable a third party complaint against other entities and individuals involved in this case as well as to dismiss Plaintiff Complaint based upon other legal grounds.

WHEREFORE, Defendant,  William Leonard Roberts II, files before this Honorable Court, this Defendant**, Second Motion To Dismiss Plaintiff Complaint For Insufficient And Defective Service Of Process, Defective Summons And For Enlargement of Time Based Upon Time Limitations To Amend Motion And Provide Memorandum Of Law And Accompanying Exhibits And For Evidentiary Hearing** based upon abovestated factors and circumstances and for such other and further relief as this Honorable Court deems equitable and just under circumstances of this cause of action.

Respectfully submitted,

LAW OFFICES ALLAN STEPHEN ZAMREN
Allan Stephen Zamren, Esq.
counsel for Defendant, Roberts
44 West Flagler Street
suite #:2225
Miami, Florida 33130
(305) 372-9912

By: _____S/_____
    Allan Stephen Zamren, Esq.
    (AZ-1403)

**AFFIRMATION OF SERVICE**

    I DO HEREBY CERTIFY, true and correct copy of, **Second Motion To Dismiss Plaintiff Complaint For Insufficient And Defective Service Of Process, Defective Summons And For Enlargement of Time Based Upon Time Limitations To Amend Motion And Provide Memorandum Of Law And Accompanying Exhibits And For Evidentiary Hearing** was forwarded e-mail, regular mail and facsimile mail this 26th day of January, 2009 to:

United States Federal District Court
Attn: Clerk Of Courts
500 Pearl Street
New York, New York 10007

United States Federal District Court
The Honorable United States Federal District Court Judge Paul G. Gardephe
500 Pearl Street
Room #: 920
New York, New York 10007
(212) 805-7986

Caplan & Ross, LLP
Attn: Brian D. Caplan, Esq.
100 Park Avenue
18th Floor
New York, New York 10017
(212) 661-4290                        By: _____S/_____
                                                                      Allan Stephen Zamren, Esq.