UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
VLAD LYUBOVNY p/k/a "DJ VLAD,"  :  08 Civ. 7252 (PGG)
:
                             Plaintiff,  :
:
    -against-  :
:
WILLIAM LEONARD ROBERTS II p/k/a "RICK ROSS,"  :
:
                          Defendant.  :
:
------------------------------------------------------------ x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS THE COMPLAINT**

                                    **CAPLAN & ROSS, LLP**
                                    100 Park Avenue, 18th Floor
                                    New York, New York  10017
                                    (212) 973-2376

                                    *Counsel for Plaintiff*

## PRELIMINARY STATEMENT

This Memorandum is submitted in opposition to Defendant's Second Motion to Dismiss the Complaint for insufficient service (the "Motion"), which solely relies upon the erroneous legal contention that service had to have been effected in accordance with Florida State law. The Motion simply fails to recognize that Federal Rule of Civil Procedure 4(e)(1), which governs this diversity action, permits service of process under the rules of the state of the forum court, in this case, New York. Accordingly, as Defendant's Motion itself acknowledges valid service under New York Civil Practice Law and Rules § 308(4), the Motion must be denied.

## STATEMENT OF FACTS

Following a brutal assault upon him, engineered and conducted under the direction of Defendant, Plaintiff Vlad Lyubovny, p/k/a "DJ Vlad" ("Plaintiff") commenced this Action on August 15, 2008. Plaintiff alleges that Defendant lured Plaintiff to the Hilton Hotel in Houston, Texas, and directed his accomplices to brutally assault, batter and strike Plaintiff, severely injuring him, as retaliation for Plaintiff's investigation into and reporting on Defendant's past as a correctional officer. Declaration of Brian D. Caplan ("Caplan Dec."), ¶¶ 2-6.

On August 30, 2008, a prior disputed service was effected. Defendant denied that Plaintiff effected service upon him, and on October 15, 2008, Defendant filed its initial motion to quash service, alleging that the prior service of the summons and complaint was defective. In lieu of ordering an evidentiary hearing with respect to the prior service, the Court issued an Order dated December 16, 2008 directing Plaintiff to serve Defendant with a copy of the summons and complaint, and to notify the Court when Defendant had been served. See Caplan Dec., ¶ 6, Exhibit 1.

After several attempts to deliver the papers to Defendant, or to a person of suitable age and discretion at the addresses acknowledged by Defendant as his places of abode in Florida, Plaintiff

1

served Defendant via the "Affix and Mail" procedure authorized by NYCPLR § 308(4), on January 6, 2009 and January 22, 2009, respectively. See Caplan Dec., ¶¶ 8-11, and Exhs. 2-4. The Affidavits of Service were filed with the Court on January 23, 2009. See Caplan Dec., ¶ 12. Defendant does not dispute the factual circumstances of the service.

## ARGUMENT

### POINT I

### AS DEFENDANT'S MOTION DOES NOT SET FORTH ANY LEGAL OR FACTUAL BASIS TO REBUT PLAINTIFF'S PRIMA FACIE CASE OF PROPER SERVICE OF PROCESS, THE MOTION SHOULD BE DENIED

Defendant's motion fails to appreciate that the Federal Rules of Civil Procedure, which govern this action, do not require Plaintiff to serve Defendant pursuant to Florida law, the law in the state where he resides. Rather, a defendant may also be served under the laws of the state in which the district court is located. Under Federal Rule of Civil Procedure 4(e)(1):

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction *in the state where the district court is located* or where service is made...

Fed.R.Civ.P. 4(e)(1) [emphasis added].

Thus, as this action is pending in the Southern District of New York, Plaintiff is permitted to serve Defendant under New York law. See, e.g., Polygram Merchandising, Inc., et al., v. New York Wholesale Co., et al., 2000 WL 23287, at *2 (S.D.N.Y. Jan. 13, 2000) (Affix and Mail service on defendant at her New Jersey address under New York law held to be proper service); Jaffe and Asher v. Van Brunt, 158 F.R.D. 278, 280 (S.D.N.Y. 1994) (Holding service on defendant in Connecticut

2

under New York law is proper under the Federal Rules). There is no requirement that the law of the defendant's residence must also permit it. Morgenthau v. Avion Resources, et al., 11 N.Y.3d 383, 389 (N.Y. App. Ct. 2008) (Holding service in foreign jurisdiction may be effected under New York Statutes, and not under the laws of defendant's residence).

New York law provides:

> [W]here service…cannot be made with due diligence, [it may be made] by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing…

NYCPLR § 308(4).

In this connection, defendant can be served at any one of multiple "dwelling places," or "usual places of abode," "provided that each contains sufficient indicia of permanence." Polygram, 2000 WL 23287, at *2. One residence is not considered any less "permanent" because Defendant has another permanent residence elsewhere. See id, 2000 WL 23287, at *2. Indicia or "badges" of permanence that meet the standard include listing an address on a driver's license, legal documents, or correspondence. Id, 2000 WL 23287, at *3; Jaffe and Asher, 158 F.R.D., at 280 (Defendant estopped from challenging service on him at address listed by him on multiple documents).

Moreover, Plaintiff has satisfied the affixation and due diligence requirements of § 308(4). Taping a summons and complaint to the door of a residence constitutes sufficient affixation. Pacamor Bearings, Inc. v. Foley, 92 A.D.2d 959 (3d Dep't 1983) (affixation of summons may be

3

accomplished by tape or any other device which will ensure adherence). Further, due diligence is satisfied when a process server has made multiple attempts to serve a defendant. Capital One Bank (USA), N.A. v. Ahearn, 2008 WL 5510704, at *1 (N.Y. Sup. December 12, 2008) (holding process server's attempts to serve defendant at different times on three separate days satisfied due diligence requirement); Ayala v. Bassett, 2008 WL 5334189, at *1 (N.Y.A.D. 1st Dep't December 23, 2008) (holding process server's attempts to serve defendant on three different occasions satisfied due diligence requirement).

In the instant motion, Defendant admits all of the material facts of the service. He admits that the addresses where he was served, in Opa Locka, Florida and Davie, Florida, are his residences. See Mot., ¶¶ 1-3. Defendant refers to both of the residences as his "homes." See Mot., ¶¶ 1-3. Defendant even refers to the Davie residence as "a home *owned* by Defendant." See Mot., ¶ 3 [emphasis added]. Likewise, there is no dispute as to whether Plaintiff effected proper service under NYCPLR § 308(4). As both of the process servers state in their Affidavits, multiple attempts to serve Defendant, or a person of suitable age and discretion, were made at each of the residences, and on at least one occasion, someone was inside the residence but refused to open the door. See Caplan Dec., ¶¶ 8-11, Exhibits 3 and 4. Pursuant to the "Affix and Mail" statute, each process server then affixed the complaint, summons, judges' rules, e-filing rules, and consent to magistrate judge form, and then mailed a copy to Defendant in an envelope bearing the legend "personal and confidential," and not indicating a return address or the subject of the correspondence. Defendant admits that the summons and complaint was taped to the door of his Davie residence. See Mot., ¶ 3. Defendant also attaches an envelope evidencing the mailing to the Opa Locka address. See Mot., ¶ 2, Exh. B (copy of the envelope evidencing compliance with the New York statute.) Because Defendant filed

4

the Motion the same day as the second mailing to the Davie address, he did not attach a copy of the second envelope, but, presumably, he has received it by now.[1]

Further, under applicable New York law, "[a] process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [courts] presume that [the defendant] was properly served with the complaint." FBM Holdings LLC, v. Goldwerks, Inc., 2006 WL 1229160, at *2 (E.D.N.Y. May 5, 2006) *citing* Old Republic Ins. Co. v. Pacific Fin. Servs. Of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002) (internal quotations omitted). As Defendant has not presented any contrary facts to rebut the presumption of proper service by "Affix and Mail," and even attaches documents establishing proper service, Defendant's Motion should be denied.

Finally, Defendant's argument that Plaintiff cannot serve a copy of the same summons that was initially served in the case is also without merit. The summons served on Defendant fully complies with the requirements of the Federal Rules. A summons must:

> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or—
> if unrepresented—of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a
> default judgment against the defendant for the relief demanded in the
> complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.

Fed. R. Civ. P. 4(a). The summons here meets these requirements.

Here, the Court has ordered that Plaintiff serve Defendant with a copy of the summons and complaint in this action, and Defendant has not cited any authority that would require Plaintiff to

---

[1] Defendant's Motion refers to forthcoming affidavits from Defendant and two of his relatives. In the event those affidavits are filed, we reserve the right to file an amended response.

5

obtain and serve a newly dated summons. See Caplan Dec., ¶ 6, Exhibit 1. Regardless, the date on the summons is irrelevant for these purposes, because Defendant's time to answer is calculated based on the date he is actually served, not from the date appearing on the summons.

In this connection, Federal Rule of Civil Procedure 12 provides that Defendant has twenty days to respond after he has been served. Under New York Civil Practice Law and Rules Section 308(2), service of a summons and complaint is complete ten (10) days after the filing of the Affidavit of Service. In this case, both Affidavits of Service were filed on January 23, 2009. Accordingly, regardless of which Affidavit of Service the Court considers to effectuate service of process, Defendant's Response to the Complaint was due no later than February 26, 2009. (January 23rd, plus ten business days, plus 20 days to respond thereafter). Given the instant Motion, however, Defendant's Answer will now be due 10 days after the Court's denial of the motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion be Denied in its entirety, and that Plaintiff be awarded his costs and attorneys' fees, opposing this groundless motion, pursuant to 28 U.S.C. § 1927.

Dated: New York, New York
       February 6, 2009

                                          CAPLAN & ROSS, LLP

                                          By: _____
                                             Brian D. Caplan (BC-1713)
                                             Jonathan J. Ross (JR 0581)
                                        100 Park Avenue, 18th Floor
                                        New York, New York 10017
                                        (212) 973-2376

                                        Attorneys for Plaintiff
                                        Vlad Lyubovny

## CERTIFICATE OF SERVICE

I, Nicole L. Mondschein, hereby certify that on February 6, 2009, I caused to be served a true and correct copy of the within Plaintiff's Memorandum of Law in Opposition to Defendant's Second Motion to Dismiss the Complaint by First Class Mail and ECF filing upon the following:

Allan Stephen Zamren, Esq.
Law Offices of Allan Stephen Zamren
44 West Flagler Street
Suite 2225
Miami, Florida 33130
Attorney for Defendant

Dated: February 6, 2009
New York, New York

_____
Nicole L. Mondschein (NM 5610)