UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VLAD LYUBOVNY p/k/a "DJ VLAD"

    Plaintiff,

    v.                                      CASE No.: 08-cv-07252-PGG

WILLIAM LEONARD ROBERTS II p/k/a RICK ROSS

    Defendant.

_____/

## ANSWER, AFFIRMATIVE DEFENSES AND AMENDED COUNTERCLAIM

COMES NOW, the Defendant, William Leonard Roberts II herein Defendant, by and through his undersigned counsel, Law Offices Allan Stephen Zamren herein counsel for Defendant without waiving jurisdiction or any jurisdictional defenses, including but not limited to, lack of jurisdiction over the person; lack of jurisdiction over the subject matter; insufficiency of process; insufficiency of service of process; and failure to state a cause of action, as well as all defenses, both mandatory and discretionary provided for under Federal Rules Of Civil Procedure and Local Rules Of United States District Court Southern District Of New York and files before this Honorable Court this pursuant to this Honorable Court Order dated April 28, 2009 and applicable Federal Rules Of Civil Procedure this Defendant, **Answer, Affirmative Defenses And Amended Counterclaim,** stating as follows:

## ANSWER

1. Defendant, denies the allegations of paragraph one (1) Nature Of Action of Plaintiff Complaint and demands strict proof thereof.
2. Defendant, denies the allegations of paragraph two (2) of Plaintiff Complaint and demands strict proof thereof.
3. Defendant, admits the allegations of paragraph three (3) of Plaintiff Complaint only in so far as Defendant is popularly known as Rick Ross and is a resident and citizen of the State of Florida. All remaining allegations of paragraph three (3) of Plaintiff Complaint are denied and Defendant, demands strict proof thereof.
4. Defendant, denies the allegations of paragraph four (4) of Plaintiff Complaint and demands strict proof thereof.
5. Defendant, denies the allegations of paragraph five (5) of Plaintiff Complaint and demands strict proof thereof.
6. Defendant, denies the allegations of paragraph six (6) of Plaintiff Complaint and demands strict proof thereof.
7. Defendant, denies the allegations of paragraph seven (7) of Plaintiff Complaint and demands strict proof thereof.
8. Defendant, denies the allegations of paragraph eight (8) of Plaintiff Complaint and demands strict proof thereof.
9. Defendant, denies the allegations of paragraph nine (9) of Plaintiff Complaint and demands strict proof thereof.
10. Defendant, denies the allegations of paragraph ten (10) of Plaintiff Complaint and demands strict proof thereof.
11. Defendant, denies the allegations of paragraph eleven (11) of Plaintiff Complaint and demands strict proof thereof.
12. Defendant, admits the allegations of paragraph twelve (12) of Plaintiff Complaint.
13. Defendant, admits the allegations of paragraph thirteen (13) of Plaintiff Complaint.
14. Defendant, admits the allegations of paragraph fourteen (14) of Plaintiff Complaint.
15. Defendant , admits the allegations of paragraph fifteen (15) of Plaintiff Complaint.
16. Defendant, denies the allegations of paragraph sixteen (16) of Plaintiff Complaint and demands strict proof thereof.
17. Defendant, denies the allegations of paragraph seventeen (17) of Plaintiff Complaint and demands strict proof thereof.
18. Defendant, denies the allegations of paragraph eighteen (18) of Plaintiff Complaint and demands strict proof thereof.
19. Defendant denies the allegations of the first (1st) sentence of paragraph nineteen (19) of Plaintiff Complaint and Defendant demands strict proof thereof. Defendant admits the allegations of the second (2nd) sentence of paragraph nineteen (19) of Plaintiff Complaint.
20. Defendant, admits the allegations of paragraph twenty (20), of Plaintiff Complaint in so far as, "On August 10, 2008 DJ Vlad was in Houston, Texas," but Defendant, denies the

remainder of paragraph nineteen (19) of Plaintiff Complaint and demands strict proof thereof.
21. Defendant, denies the allegations of paragraph twenty one (21) of Plaintiff Complaint and demands strict proof thereof.
22. Defendant, denies the allegations of paragraph twenty two (22) of Plaintiff Complaint and demands strict proof thereof.
23. Defendant, denies the allegations of paragraph twenty three (23) of Plaintiff Complaint and demands strict proof thereof.
24. Defendant, denies the allegations of paragraph twenty four (24) of Plaintiff Complaint and demands strict proof thereof.
25. Defendant, denies the allegations of paragraph twenty five (25) of Plaintiff Complaint and demands strict proof thereof.
26. Defendant, denies the allegations of paragraph twenty six (26) of Plaintiff Complaint and demands strict proof thereof.
27. Defendant, denies the allegations of paragraph twenty seven (27) of Plaintiff Complaint and demands strict proof thereof.
28. Defendant, denies the allegations of paragraph twenty eight (28) of Plaintiff Complaint and demands strict proof thereof.
29. Defendant, denies the allegations of paragraph twenty nine (29) of Plaintiff Complaint and demands strict proof thereof.
30. Defendant admits the allegations of paragraph number thirty (30) of Plaintiff Complaint only in so far as the statement "on the second floor of the Hilton Hotel in Houston, Texas, DJ Vlad met Ross." All remaining allegations of paragraph number thirty (30) of Plaintiff Complaint are denied and Defendant demands strict proof thereof.
31. Defendant admits the allegations of paragraph number thirty one (31) of Plaintiff Complaint only insofar as "a brief conversation between Dj Vlad and Ross." The proceeding allegation of paragraph number thirty one (31) "following" is denied. All remaining allegations of paragraph number thirty one (31) of Plaintiff Complaint are denied and Defendant demands strict proof thereof.
32. Defendant, denies the allegations of paragraph thirty two (32) of Plaintiff Complaint and demands strict proof thereof.
33. Defendant, denies the allegations of paragraph thirty three (33) of Plaintiff Complaint and demands strict proof thereof.
34. Defendant, denies the allegations of paragraph thirty four (34) of Plaintiff Complaint and demands strict proof thereof.
35. Defendant, denies the allegations of paragraph thirty five (35) of Plaintiff Complaint and demands strict proof thereof.
36. Defendant, denies the allegations of paragraph thirty six (36) of Plaintiff Complaint and demands strict proof thereof.
37. Defendant, denies the allegations of paragraph thirty seven (37) of Plaintiff Complaint and demands strict proof thereof.

38. Defendant denies the allegations of each Wherefore clause one (1) two (2) and three (3) of Plaintiff Complaint and demands strict proof thereof.

   WHEREFORE, Defendant, William Leonard Roberts, II files before this Honorable Court this Defendant, Answer as to this cause of action and demands trial by jury of all issues triable by such right specifically reserving Defendant right with leave of court to file a Motion To Dismiss Plaintiff Complaint For Damages for any and all including but not limited to, failure to state a cause if action upon which relief can be granted.

## AFFIRMATIVE DEFENSES

1. As and for a first (1st) Affirmative defense Defendant would state Plaintiff Complaint fails to state a cause of action upon which relief can be granted, against Defendant, therefore Plaintiff cannot recover damages against Defendant.
2. As and for a second (2nd) Affirmative defense Defendant would state that there were no altercation by and between Plaintiff and Defendant.
3. As and for a third (3rd) Affirmative defense Defendant would state there was no intentional, willful, malicious and unjustifiable assault, battery or striking caused by, provoked, instituted or instigated by Defendant upon Plaintiff.
4. As and for a fourth (4th) Affirmative defense Defendant would state that by neither, actual, apparent, express or implied authority did Defendant cause or have anyone intentionally, willfully, maliciously and unjustifiably assault, batter or strike Plaintiff.
5. As and for a fifth (5th) Affirmative defense Defendant would state no one on Defendant, behalf through Defendant instituting or instigation by actual, apparent, express or implied authority caused Plaintiff to be intentionally, willfully, maliciously and unjustifiably assaulted, battered or struck.
6. As and for a sixth (6th) Affirmative defense Defendant would state the Hilton Hotel, Houston, Texas security guard instituted no action to prevent the alleged intentional, willful, malicious and unjustifiable assault, battery or striking upon Plaintiff.
7. As and for a seventh (7th) Affirmative defense Defendant would state the Hilton Hotel, Houston, Texas security guard was alone at the time of the incident which forms the basis of Plaintiff Complaint as to Defendant and this security guard simply states, to paraphrase "Stop!" taking no affirmative action.
8. As and for an eight (8th) Affirmative Defendant would state the Hilton Hotel, Houston, Texas security guard was alone at the time of the incident which forms the basis of Plaintiff Complaint and this security guard does not radio for police assistance or other security.
9. As and for a ninth (9th) Affirmative defense Defendant would state the Hilton Hotel, Houston, Texas was or should have been fully aware based upon a reasonable standard of care and diligence of the number of individuals who would be present at the hotel for the 2008 Ozone Awards show.
10. As and for a tenth (10th) Affirmative defense Defendant would state the Hilton Hotel Houston, Texas was fully aware as to the potentiality for violence based upon the fact of the

type of awards show and industry involved staying at the Hilton Hotel, Houston, Texas and the reasonable, diligent need and justification for police presence and increased security.

11. As and for an eleventh (11th) Affirmative defense Defendant would state at no time did the Hilton Hotel, Houston, Texas provide adequate security to prevent Plaintiff or others from the potentiality of being intentionally, willfully, maliciously and unjustifiably assaulted, battered or struck or otherwise injured or harmed.

12. As and for a twelve (12th) Affirmative defense Defendant would state, at no time did the Hilton Hotel, Houston, Texas have adequate security measures in full force and effect to prevent the incident which forms the basis of Plaintiff Complaint from occurring or to protect Plaintiff or others from the potentiality for violence.

13. As and for a thirteenth (13th) Affirmative defense Defendant would state if any judgment is rendered against Defendant, it should be the third party individuals who are responsible for this judgment and contribution on day, date and time of the incident which forms the basis of Plaintiff Complaint.

14. As and for a fourteenth (14th) Affirmative defense Defendant would state Plaintiff has failed to mitigate Plaintiff alleged injuries and damages thus reducing Plaintiff recovery.

15. As and for a fifteenth (15th) Affirmative defense Defendant would state Plaintiff has failed to join indispensible parties including but not limited to, Hilton Hotel and the individuals who are depicted upon counsel for Plaintiff videotape as allegedly assaulting, battering and striking Plaintiff.

16. As and for a sixteenth (16th) Affirmative defense Defendant would state Plaintiff has or will receive payment from collateral sources on account of the alleged incident which forms the basis of Plaintiff Complaint as to Defendant and Defendant is entitled to set off to reduce the amount of any judgment by such collateral source benefits paid or payable to Plaintiff.

17. As and for a seventeenth (17th) Affirmative defense Defendant, would state Plaintiff assaulted and or threatened Defendant and any response in defense by Defendant was justified, necessary and reasonable.

18. As and for a eighteenth (18th) Affirmative defense Defendant would state Plaintiff was the sole legal cause of Plaintiff alleged injuries and damages thus barring Plaintiff any recovery herein from Defendant and Plaintiff was as well a contributing legal cause of Plaintiff alleged injuries and damages which reduces Plaintiff recovery in direct proportion to Plaintiff being the sole legal cause or contributing legal cause of Plaintiff alleged injuries and damages.

19. As and for an nineteenth (19th) Affirmative defense Defendant would state Plaintiff alleged injuries and damages were caused by the acts, omissions and actions of other entities which discovery may reveal was the proximate cause or a contributing cause of Plaintiff alleged injuries and damages and any judgment against the Defendant should be apportioned pursuant to applicable Federal Rules Of Civil Procedure and Federal Statutes.

20. As and for a twentieth (20th) Affirmative defense Defendant would state Plaintiff alleged injuries and damages, if any, were caused in whole or in part by the intentional acts or omissions of Hilton Hotels and/or their agents servants, employees or alter egos therefore Plaintiff is barred from any recovery against Defendant or in the alternative any recovery by Plaintiff should be reduced proportionally under the doctrine of comparative negligence.

21. As and for a twenty first (21st) Affirmative defense Defendant would state Plaintiff alleged injuries and damages, if any, were caused in whole or in part by third person(s) over whom Defendant herein or therein has and had no control. Therefore, Plaintiff alleged recovery from injuries and damages, if any, against Defendant are barred or in the alternative should be diminished by the degree to which the alleged injuries and damages to Plaintiff were caused by third parties known and unknown.
22. As and for a twenty second(22nd) Affirmative defense Defendant would state Defendant is entitled to an apportionment of fault as to any other individuals or entities involved with causing Plaintiff alleged injuries or damages, if any, including Plaintiff and any other individuals or entities that may become known through the course of discovery to Defendant.
23. As and for a twenty third (23rd) Affirmative defense Defendant would state Plaintiff alleged injuries and damages if any were brought about as the result of intervening totally unforeseeable and superseding causes from which Defendant has and had no duty to protect or warn Plaintiff and for which Defendant cannot be held liable to the Plaintiff, therefore Plaintiff cannot recover damages against Defendant.
24. As and for a twenty fourth (24th) Affirmative defense Defendant would state Plaintiff cause of actions fails to sufficiently allege the elements and allegations of an intentional tort as required by applicable law as to Defendant.
25. As and for a twenty fifth (25th) Affirmative defense Defendant would state there is lack of jurisdiction over the Defendant as to this case.
26. As and for a twenty sixth (26th) Affirmative defense Defendant would state there is a lack of jurisdiction over the subject matter as to this case.
27. As and for a twenty seventh (27th) Affirmative defense Defendant would state there is insufficiency of process upon Defendant.
28. As and for a twenty eight (28th) Affirmative defense Defendant would state there is insufficiency of service of process upon Defendant.
29. As an for a twenty ninth (29th) Affirmative defense Defendant would state Plaintiff has failed to plead with particularity or specificity Plaintiff claim for punitive damages as to Defendant and Plaintiff claim for punitive damages should be stricken and dismissed with prejudice from this cause of action as to Defendant.
30. As and for a thirtieth (30th) Affirmative defense Defendant would state Defendant specifically reserves Defendant right to amend and plead any and all additional affirmative defenses that may become known to Defendant during the  course of discovery.

　　　　WHEREFORE, William Leonard Roberts, II files before this Honorable Court this Defendant, Answer and Affirmative Defense numbers one (1) through thirty (30) as to this cause of action and demands trial by jury of all issues triable by such right specifically reserving  Defendant right with leave of court to file a Motion To Dismiss Plaintiff Complaint For Damages for any and all including but not limited to, failure to state a cause of action upon which relief can be granted.

## AMENDED COUNTERCLAIM

1.  Defendant-Counter Plaintiff files pursuant to Federal Rule of Civil Procedure 13(a) the belowstated Amended Counterclaim within the jurisdictional limits of this Honorable Court against Plaintiff-Counter Defendant and states as follows.

2. This Amended Counterclaim arises out of the same transaction or occurrence that is the subject matter of the Plaintiff-Counter Defendant claim and does not presently require adding another party over whom the court cannot acquire jurisdiction.

## NATURE OF THE ACTION

3. This Amended Counterclaim is filed by Defendant –Counter Plaintiff to legally refute the continual unrequited actions taken by Plaintiff-Counter Defendant with the objective and intent to:

    a) Abuse the legal process

   as to the Defendant-Counter Plaintiff.

   Plaintiff-Counter Defendant has undertaken an unending relentless pursuit against Defendant-Counter Plaintiff upon including but not limited to, Plaintiff-Counter Defendant hip-hop website Vladtv.com and through other means to damage and injury any and all including but not limited to, the finances and credibility of Defendant-Counter Plaintiff within the hip-hop community, the music industry and the public in general as well as to cause Plaintiff to lose potential corporate sponsorship business. By depicting Defendant-Counter Petitioner as a violent menacing individual which Plaintiff-Counter Defendant knows was not and is not true. The basis of Plaintiff-Counter Defendant damage and injury to Defendant-Counter Plaintiff is to ingratiate Plaintiff-Counter Defendant within the hip-hop community, the music industry and the public in general both financially and otherwise.

   As a result of the actions, statements, reports, writings and now abuse of the legal process by Plaintiff-Counter Defendant, Defendant-Counter Plaintiff seeks two million dollars ($ 2,000,000.00) in compensatory damages and two million dollars ($ 2,000,000.00) in punitive damages to prevent and preclude the further future like kind actions by Plaintiff-Counter Defendant.

4. Defendant-Counter Plaintiff is a resident and citizen of the State of Florida who has agreed for the purposes of this action only without waiving any claims or defenses legal or equitable to allow this case to currently proceed within this jurisdiction.

5. Plaintiff-Counter Defendant is allegedly upon information and belief a resident and citizen of the State of New Jersey who maintains a principle place of business in New York City, New York.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction as to this case pursuant to 28 U.S.C. s 1332 (a) based upon the diversity of citizenship by and between Defendant-Counter Plaintiff and Plaintiff-Counter Defendant and the amount in controversy being in excess of seventy five thousand dollars ($ 75,000.00) exclusive of costs, interest and reasonable attorney fees.

7. Defendant-Counter Plaintiff has agreed for the purposes of this action only without waiving any claims or defenses legal or equitable to allow venue before this Honorable Court.

## BACKGROUND AND GENERAL ALLEGATIONS

8. Plaintiff-Counter Defendant has initiated and instituted a vicious, coordinated, unprovoked assault and attack upon including but not limited to, Plaintiff-Counter Defendant hip-hop website Vladtv.com and the Internet, media and through other agencies and individuals against Defendant-Counter Plaintiff.

9. This assault and attack upon Defendant-Counter Plaintiff includes but is not limited to, Plaintiff-Counter Defendant depicting Defendant-Counter Plaintiff as a violent menacing individual upon Plaintiff-Counter Defendant hip-hop website Vladtv.com and through Internet interviews, reports and websites instituted by Plaintiff-Counter Defendant against Defendant-Counter Plaintiff. Which Plaintiff-Counter Defendant knows was not and is not true.

10. These Internet interviews, reports and websites include but are not limited to:

    a) Plaintiff-Counter Defendant showing Defendant-Counter Plaintiff pictured in a correctional officer uniform and depicting Defendant-Counter Plaintiff as a correctional officer.
    b) Plaintiff-Counter Defendant is fully aware Defendant-Counter Plaintiff has admitted in numerous interviews to being a correctional officer approximately twelve (12) to fourteen (14) years ago and not having further involvement as a correctional officer approximately since 1997.

11. However, Plaintiff-Counter Defendant has stated in Plaintiff-Counter Defendant Complaint paragraph number nineteen (19) Plaintiff-Counter Defendant has reported and commented on Vladtv.com and depicted Defendant in a correctional officer uniform. Again being of no consequence to Defendant-Counter Plaintiff who has repeatedly admitted to this allegation as true and of being absolutely no issue with

Plaintiff-Counter Defendant. However, by Plaintiff-Counter Defendant proceeding with this reporting Plaintiff-Counter Defendant has attempted to depict Defendant-Counter Plaintiff as a violent menacing individual. Which Plaintiff-Counter Defendant knows was not and is not true. Plaintiff-Counter Defendant has now gone even further by filing this Complaint which is based upon untrue, events and allegations for the sole and exclusive purpose of ingratiating Plaintiff-Counter Defendant, within the music industry, the hip-hop community and to obtain a monetary settlement from Defendant-Counter Plaintiff.

12. All of the abovestated actions and events by Plaintiff-Counter Defendant culminated August 10, 2008 in the second (2nd) floor of the Hilton Hotel, Houston, Texas also known as The Hilton Americas.

13. Defendant-Counter Plaintiff and Plaintiff-Counter Defendant had a brief standing face to face discussion August 10, 2008 at the abovestated location.

14. Plaintiff-Counter Defendant is seen on a section of a videotape lasting approximately two and a half (2 ½) minutes of an approximately two (2) hours or more total in length videotape allegedly taken by a videographer present at the Hilton Hotel for the 2008 Ozone Awards which counsel for Plaintiff –Counter Defendant permitted counsel for Defendant-Counter Plaintiff to view in counsel for Plaintiff-Counter Defendant law office Tuesday, December 09, 2008 (herein the videotape) raising his hands and pointing Plaintiff-Counter Defendant fingers towards Defendant-Counter Plaintiff face.

15. Defendant-Counter Plaintiff is seen on the videotape calmly talking with Plaintiff-Counter Defendant.

16. Defendant-Counter Plaintiff does not raise his hands, does not raise his voice and does not take any aggressive action towards Plaintiff-Counter defendant or direct anyone as depicted on the videotape either actually, apparently, explicitly, or implicitly to take any actions towards Plaintiff-Counter Defendant.

17. Plaintiff-Counter Defendant is then seen on the videotape as been struck on the face by an unknown individual.

18. Defendant-Counter Plaintiff is then seen on the videotape as walking away.

19. Plaintiff-Counter Defendant is then seen on the videotape in the background and another unknown individual is also seen on the videotape.

20. A security guard wearing a blue short sleeved shirt is then seen on the videotape stating to paraphrase "stop!"

21. This security guard is seen on the videotape as taking no affirmative action as to the events this security guard allegedly witnessed nor calling for other security or police assistance nor even holding a walkie-talkie or telephone.

22. The videotape then continues as to other unrelated events the supposed videographer was filming concerning the 2008 Ozone Awards.

23. Five (5) days later Plaintiff-Counter Defendant filed a Complaint against Defendant-Counter Plaintiff in this Court seeking two million dollars ($ 2,000,000.00) compensatory damages, two million dollars ($ 2,000,000.00) in punitive damages, costs, disbursements and other relief.

24. Plaintiff-Counter Defendant does no other investigation of this case and immediately institutes a press release as to the filing of this Complaint to the media on the internet and through other means.

25. Plaintiff-Counter Defendant does not file a Complaint against potential Co-Defendant Hilton Hotel for negligence, negligent security or any other legal basis.

26. Plaintiff-Counter Defendant does not file a Complaint against potential Co-Defendants the unknown or known individuals who allegedly as stated in Plaintiff-Counter Defendant Complaint without just cause or provocation, intentionally, willfully, maliciously and unjustifiably assaulted battered and struck Plaintiff-Counter Defendant.

27. All of the above actions instituted by Plaintiff-Counter Defendant appearing to be a set-up of Defendant-Counter Plaintiff a well known hip-hop artist and in order to obtain a quick monetary settlement from Defendant-Counter Plaintiff.

28. Plaintiff-Counter Defendant filing Plaintiff-Counter Defendant Complaint solely as to Defendant-Counter Plaintiff and no other potential Co-Defendants a classic example of abuse of legal process and the basis of this Plaintiff-Counter Defendant-Counter claim.

## COUNT I
## ABUSE OF LEGAL PROCESS

29. Defendant/Counter Plaintiff realleges and reavers each and every allegation as stated in paragraph numbers one (1) through twenty eight (28) Infra of Defendant-Counter Plaintiff Counterclaim as if more fully set forth herein and further states:
30. Plaintiff has now filed a Complaint in The United States Federal Court Southern District Of New York against Defendant alleging Defendant caused an intentional, willful, malicious and unjustifiable assault, battery and striking to be committed upon Plaintiff.

31. Plaintiff-Counter Defendant is fully aware this alleged, intentional, willful, malicious, unjustifiable, assault, battery and striking was not instituted, instigated, provoked or caused by Defendant actually, apparently, expressly or implicitly.
32. The filing of Plaintiff-Counter Defendant Complaint was immediately released to the media upon the internet and other print means showing an amount demanded by Plaintiff-Counter Defendant of four million dollars ($ 4,000,000.00) against Defendant-Counter Plaintiff, two million dollars ($ 2,000,000.00) in compensatory damages and two million dollars ($ 2,000,000.00) in punitive damages.
33. Plaintiff-Counter Defendant Complaint based upon absolutely no actual or apparent, express or implied alleged injuries or damages to Plaintiff-Counter Defendant, caused by Defendant-Counter Plaintiff and abusing the legal process of this Honorable Court.
34. In fact, no actions as documented on the video tape show or link Defendant initiating or instituting any actions, actual, apparent , express or implied to cause the intentional, willful, malicious and unjustified assault, battery and striking of Plaintiff-Counter Defendant leading to the alleged injuries or damages to Plaintiff.
35. Unknown individuals are depicted upon this videotape seemingly striking Plaintiff once in the face and potentially kicking Plaintiff.
36. Plaintiff not requesting any Hilton Hotel staff doctor to the scene, no ambulance or immediate hospitalization, to treat Plaintiff alleged injuries and damages.
37. Plaintiff seeking medical attention at a later time with an alleged bruise to Plaintiff eye.
38. Plaintiff-Counter Defendant not calling for security, police or other assistance.
39. Plaintiff-Counter Defendant not suing the establishment, Hilton Hotel, Houston, Texas where the incident took place nor any other individuals known or unknown who allegedly struck Plaintiff-Counter Defendant.
40. Plaintiff-Counter Defendant seeing Defendant-Counter Plaintiff as a potential deep pocket.
41. This Complaint being filed for any and all including but not limited to, the abovestated and other reasons in order to obtain a quick monetary settlement from Defendant.
42. Plaintiff-Counter Defendant has misused the legal process by filing this Complaint against Defendant-Counter Plaintiff and has abused the legal process of this Honorable Court by setting in motion an intentional, wrongful use of legal process for a purpose which is improper in the ordinary conduct of such process and to accomplish an ulterior purpose for which legal process was not designed to accomplish as abovestated.
43. And Plaintiff –Counter Defendant continues to abuse the legal process of this Honorable Court by permitting this Complaint to proceed against Defendant-Counter Plaintiff without proper, complete and thorough investigation by Plaintiff-Counter Defendant.
44. In proceeding with the abovestated Complaint Plaintiff-Counter Defendant acted knowingly, intentionally, recklessly and maliciously and Plaintiff-Counter Defendant is therefore entitled to punitive damages as abovedemanded.

WHEREFORE, Defendant, Counter Plaintiff, William Leonard Robert, II files before this Honorable Court this Defendant, Counter Plaintiff, Answer, Affirmative Defenses numbers one (1) through thirty (30) and **Counterclaim** as to Plaintiff/Counter Defendant, Vlad Lubovny and demands trial by jury of all issues triable by such right, judgment for compensatory damages two million dollars ($ 2,000,000.00), punitive damages two million dollars ($ 2,000,000.00), attorney fees, costs and interest as this Honorable Court may assess against Plaintiff/Counter Defendant, Vlad Lubovny and for such other and further relief as to this Honorable Court deems equitable and just under circumstances of this cause of action

**DEMAND FOR JURY TRIAL**

Defendant-Counter Plaintiff demands trial by jury of all issues triable as of right by a jury as to this case.

WHEREFORE, Defendant, Counter Plaintiff, William Leonard Robert, II files before this Honorable Court this Defendant, Counter Plaintiff, Answer, Affirmative Defenses numbers one (1) through thirty (30), **Counterclaim** And Demand For Jury trial as to Plaintiff/Counter Defendant, Vlad Lubovny and demands trial by jury of all issues triable by such right, judgment for compensatory damages two million dollars ($ 2,000,000.00), punitive damages two million dollars ($ 2,000,000.00), attorney fees, costs and interest as this Honorable Court may assess against Plaintiff/Counter Defendant, Vlad Lubovny and for such other and further relief as to this Honorable Court deems equitable and just under circumstances of this cause of action.

Respectfully submitted,
LAW OFFICES ALLAN STEPHEN ZAMREN
Allan Stephen Zamren, Esq.
counsel for Defendant, Roberts
44 West Flagler Street
suite #:2225
Miami, Florida 33130
(305) 372-9912

By: _____S/_____
    Allan Stephen Zamren, Esq.
    (AZ-1403)

**AFFIRMATION OF SERVICE**

I DO HEREBY CERTIFY, true and correct copy of, **Answer, Affirmative Defenses And Amended Counterclaim** was forwarded e-mail, regular mail and facsimile mail this 7th day of August, 2009 to:

United States Federal District Court
Attn: Clerk Of Courts
500 Pearl Street
New York, New York 10007

United States Federal District Court
The Honorable United States Federal District Court Judge Paul G. Gardephe
500 Pearl Street
Room #: 920
New York, New York 10007
(212) 805-7986

Caplan & Ross, LLP
Attn:  Brian D. Caplan, Esq.
100 Park Avenue
18th Floor
New York, New York 10017
(212) 661-4290                                             By: _____S/_____
                                                                    Allan Stephen Zamren, Esq.