UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VLAD LYUBOVNY p/k/a "DJ VLAD,"                          08 Civ. 7252 (PGG)

                                    Plaintiff,

          -against-

WILLIAM LEONARD ROBERTS II p/k/a "RICK ROSS,"

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT PROPOSED REQUESTS TO CHARGE

     Plaintiff Vlad Lyubovny p/k/a "DJ Vlad" ("Plaintiff" or "DJ Vlad") and Defendant

William Leonard Roberts II p/k/a "Rick Ross" ("Defendant" or "Ross"), by their undersigned

counsel, hereby submit these joint requests to charge as to which the parties are in agreement.

Additional proposed requests to charge by Defendant as to which Plaintiff does not agree are

included at the end of the document.

Dated:    New York, New York
          March 26, 2010


                              CAPLAN & ROSS, LLP

                              By: _____
                                    Brian D. Caplan, Esq.
                                    Jonathan J. Ross, Esq.
                              100 Park Avenue, 18th Floor
                              New York, New York 10017
                              Phone: (212) 973-2376
                              Fax: (212) 661-4290

                              *Attorneys for Plaintiff*


                              DONALDSON, CHILLIEST & MCDANIEL, LLP

By: *Xavier Donaldson /caa*

Xavier Donaldson, Esq.
1825 Park Avenue, Suite 1102
New York, NY 10035
T: (212) 722-4900
F: (212) 722-4966

*Attorneys for Defendant*

## TABLE OF CONTENTS

1.   Preliminary instruction – General Introduction.................................................. 1
2.   Preliminary Instruction – Order of Trial.......................................................... 5
3.   JURY CONDUCT.......................................................................................... 6
4.   Final Instructions – Province of the Court and Jury........................................ 8
5.   Statements of counsel ................................................................................ 13
6.   Prior Sworn Statements ............................................................................. 14
7.   Prior Inconsistent Statements by Witness .................................................. 15
8.   Credibility of Witnesses – Weighing Conflicting Testimony ........................ 16
9.   Failure to Produce Available Evidence ....................................................... 18
10.   Transition to Claims.................................................................................. 19
11.   Civil Assault - Definition........................................................................... 20
12.   CIVIL ASSAULT – PRINCIPALS ............................................................. 21
13.   DAMAGES – GENERALLY....................................................................... 22
14.   DAMAGES—COMPENSATORY DAMAGES ............................................ 23
15.   DAMAGES – PUNITIVE DAMAGES ........................................................ 25
16.   INSTRUCTIONS TO BE CONSIDERED AS A WHOLE ............................ 27
17.   Closing Instructions ................................................................................. 28
       Separate Charges...................................................................................30

## 1. PRELIMINARY INSTRUCTION – GENERAL INTRODUCTION

Members of the jury, we are about to begin the trial of this case. You have heard some details about this case during jury selection. Before the opening statements, however, there are certain instructions you should have in order to better understand the evidence that will be presented to you and how you should conduct yourself during trial. What I will now say is intended to serve as an introduction to the trial of this case. It is not a substitute for the detailed instructions on the law and the evidence that I will give you at the close of the case, before you retire to consider your verdict.

The party who brings a lawsuit is called the "plaintiff." The party who is sued in a lawsuit is called the "defendant." The plaintiff in this case is an individual named Vlad Lyubovny. Mr. Lyobovny, professionally known as "DJ Vlad," has been involved in the music industry for several years, including operating a website VladTV.com. The Defendant in this case is in an individual named William Leonard Roberts, II. Mr. Roberts is a musical recording artist and performer, who is professionally known as "Rick Ross." In this trial, Plaintiff brings a claim for civil assault against Defendant and seeks both compensatory and punitive damages. Defendant denies the claim.

In this trial, you as jurors will decide disputed questions of fact, and apply the law to the facts as you find them. As the judge, I will decide all questions of law in this trial. Before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow in reaching your verdict.

It is your duty as jurors to follow the law as I state it to you, and apply that law to the facts as you find them from the evidence in the case. You are not to be concerned with the wisdom or soundness of any rule of law stated by me. Regardless of any opinion you may have

as to what the law is or ought to be, it would be a violation of your sworn duty as jurors for you to base a verdict on any view of the law other than that given by me in my instructions. It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything other than the evidence in this case.

The evidence presented to you during the trial will consist primarily of the testimony of the witnesses and tangible items known as "exhibits." Exhibits are things such as documents, charts and illustrations. Any exhibits admitted into evidence during the trial will be available to you to study during your deliberations. So if an exhibit is received in evidence during the trial but is not fully read or shown to you at that time, do not be concerned; you will have an opportunity to see and to study the exhibit later during your deliberations.

During the trial, some testimony may be read to you, or presented to you on videotape, by way of deposition. A deposition is a transcript of sworn answers by a witness to questions asked before trial by the lawyers for the parties in the case. The testimony of a witness who for some reason cannot be here to testify from the witness stand may be presented in this manner. Such testimony is entitled to the very same consideration by you as if the witness had been present and had testified here in court from the witness stand.

If you would like to take notes during the trial, you may do so, but you are not required to take notes if you don't want to. If you do take notes, be careful not to get so involved in note taking that you become distracted from the proceedings. Also, your notes should be used only as aids to your memory. If your memory later should differ from your notes, you should rely on your memory and not your notes.

If you do not take notes, you should rely on your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes or

2

recollection of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror concerning what the testimony was. Since it is your responsibility to decide the facts of this case, you should give careful attention to the testimony and documentary evidence presented for your consideration.

During the trial, keep an open mind and avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the evidence, the lawyers' closing arguments, and my instructions and explanations of the law. While the trial is in progress you must not discuss the case in any way among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. You should avoid reading any newspaper articles, viewing the internet or watching any television newscasts regarding this case.

During the trial I may rule on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not infer from any ruling or comment I make that I have any opinion on the case favoring one side or the other. If I sustain an objection to a question that then goes unanswered by a witness, you should not speculate what the answer might have been, nor should you draw any inference from the question itself, or from the fact that someone objected.

During the trial, occasionally I may need to confer with the lawyers out of your hearing, on questions of law or procedure that require consideration by me alone. On some occasions you may be excused from the courtroom. Sometimes these "bench" conferences or "side-bars" serve to speed things along. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine, and should be patient.

SOURCE:   ADAPTED FROM 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE &
INSTRUCTIONS – CIVIL §§ 70.1 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL.,
FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 101.01 (5th ed. 2000)

## 2. PRELIMINARY INSTRUCTION – ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, Plaintiff will present evidence in support of his claim and the Defendant's lawyer may cross-examine the witnesses. At the conclusion of the Plaintiff's case, the Defendant may introduce evidence and the Plaintiff's lawyer may cross-examine the witnesses. The Defendant is not required to introduce any evidence or to call any witnesses. If the Defendant introduces evidence, the Plaintiff may then introduce rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**Source:** Federal Jury Practice and Instructions § 101.02 (5th ed. 2000) ("FJPI").

### 3.  JURY CONDUCT

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case--you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the [*marshal*] [*bailiff*] [*clerk*] to give to me.

**Source:**   FJPI § 101.11.

## POST-EVIDENCE INSTRUCTIONS

### 4.   FINAL INSTRUCTIONS – PROVINCE OF THE COURT AND JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.]

Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  [Do not decide who you think should win and then answer the questions accordingly.]  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  The Preponderance of the evidence incidentally doesn't refer to the number of witnesses or to the quantity of exhibits but rather to their quality,

8

reliability, and persuasiveness in establishing whether the essential facts are more likely than not true.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove a fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

10

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  [You may now retire to the jury room to conduct your deliberations.]

**Source:** FJPI § 103.01; Fifth Circuit Pattern Jury Instructions: Civil § 3.1 (2009) ("5th Cir. PJI Civ."); *Honorable Charles P. Sifton, EDNY, Vilkhu v. City of New York*, 06-CV-2095, pp 1325 (CPS) (10/14/08).

### 5.  STATEMENTS OF COUNSEL

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

**Source:**  FJPI § 103.30; 3 Devitt & Blackmar, Federal Jury Practice and Instructions § 70.03 (4th ed. 1987).

### 6.  PRIOR SWORN STATEMENTS

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Source:**  FJPI § 105.04

### 7. PRIOR INCONSISTENT STATEMENTS BY WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

**Source:**  FJPI § 105.09 (Fifth Circuit Note

### 8.   CREDIBILITY OF WITNESSES – WEIGHING CONFLICTING TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

When considering a witness' credibility, consider the witness' demeanor and manner of conducting himself or herself while on the witness stand. Specifically excluding any reference to the witness' appearance. If you believe that a witness has intentionally sworn falsely before you with respect to something of significance, you may disregard the witness' testimony entirely or in part.

**Source:** FPJI § 105.01; *Charles P. Sifton, EDNY, Vilkhu v. City of New York*, 06-CV-2095, pp 1327-29 (CPS) (10/14/08).

### 9.   FAILURE TO PRODUCE AVAILABLE EVIDENCE

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

**Source**: FPJI § 104.26

## 10. TRANSITION TO CLAIMS

This completes my general review of the rules of evidence as they apply in this case. You will be reviewing all of the evidence, both direct and circumstantial, to determine whether the defendant is liable to Plaintiff.  I now turn to the law specific to Plaintiff's claim of civil assault.

## 11. Civil Assault - Definition

Plaintiff claims that Defendant caused Plaintiff to be assaulted on August 10, 2008. To establish a claim of civil assault, it must be shown that the defendant either: intentionally, knowingly, or recklessly caused bodily injury to another; or intentionally or knowingly threatened another with imminent bodily injury or intentionally or knowingly caused physical contact to another when the person knew or should have reasonably believed that the other would regard the contact as offensive or provocative.

**Source:** *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App. – Houston [14th Dist.] 2005); *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 649 (Tex. App. – Houston [1st Dist.] 2005).

## 12. CIVIL ASSAULT – PRINCIPALS

Where one person assists another in making an assault, both are principals and liable in damages for any injury inflicted.   Anyone who commands, directs, advises, encourages, procures, controls, aids or abets a wrongful act by another, is regarded by the law as being just as responsible for the wrongful act as the one who actually committed it.   Overt participation or some form of encouragement in the commission of the assault is required.

**Source:**   *Stein v. Meachum*, 748 S.W.2d 516, 518-519 (Tex. App. 1988); *Darden v. E-Z Mart Stores, Inc.*, U.S. Dist. Lexis 38724, *4 (E.D.Tex. 2005); *Francis v. Kane*, 246 S.W.2d 279, 281 (Tex. App. 1951).

## 13. DAMAGES – GENERALLY

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled.  You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.  It is your task first to decide whether the defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**Source**: 5th Cir. PJI Civ. § 15.1; FPJI § 106.02

## 14. DAMAGES—COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called "Compensatory Damages." The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered or will suffer in the future. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is also entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of evidence:

23

A. <u>Damages Accrued</u>

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered to date.

B. <u>Calculation of Future Damages</u>

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for his future pain and suffering, future mental anguish and the loss of his ability to enjoy life.  In this regard, you should take into consideration the period of time that the injuries or disabilities are expected to continue.  If you find that the injuries or disabilities are permanent, you should take into consideration the period of time that the plaintiff can be expected to live.  In accordance with the attached statistical life expectancy table, Plaintiff, 36 years old, has a life expectancy of 39.9 additional years.  Such a table, however, provides nothing more than a statistical average.  It neither guarantees that Plaintiff will live an additional 39.9 years or means that he will not live for a longer period.  The life expectancy figure I have given you is not binding upon you, but may be considered by you together with your own experience and the evidence you have heard in deciding what Plaintiff's present life expectancy is.

**Source**: 5th Cir. JPI Civ. §§ 15.2, 15.3; New York Pattern Jury Instructions – Civil §2:281(2009) and Life Expectancy Table in the Appendix thereto.

## 15. DAMAGES – PUNITIVE DAMAGES

If you find that the defendant is liable for the plaintiff's injuries, you must award the plaintiff the compensatory damages that he has proven. You also may award, in addition to compensatory damages, punitive damages if the plaintiff has proved that the defendant acted with malice, or willfulness or with callous and reckless indifference to the safety or rights of others. Acts done with gross indifference to the legal rights of others such that they amount to wanton intentional acts without just cause are malicious as a matter of law. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you do decide to award punitive damages, then the amount of the punitive damages should be reasonable and proportionate to the need to punish the defendant and to deter him and others from similar conduct. If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future.

The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. Punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You may consider the financial resources of the defendant in fixing the amount of punitive damages that is appropriate to punish the defendant and deter the defendant and others from engaging in similar conduct in the future.

**Source:** 5th Cir. PJI Civ. § 15.13;  *Valdez v. Church's Fried Chicken, Inc.*, 683 F. Supp. 596, 610 (W.D.Tex. 1988); *Texas Civil Practice and Remedies Code*, §41.008, §41.003.

## 16. INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

It is your duty to follow the law as I state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule or law stated by me.  You must follow and apply the law.

**Source:** FPJI § 103.01

### 17. CLOSING INSTRUCTIONS

Your verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to the individual judgment of each of you. Each of you must decide the case for yourself, but only after an impartial consideration of all of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if you are convinced they are incorrect. But do not surrender your honest beliefs in this case solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges — judges of the facts. Your sole interest and duty is to seek the truth from the evidence.

When you retire to the jury room, you should first select one person (or juror) to act as foreperson. Your foreperson will preside over your deliberations and will be your spokesperson here in court.

You will take a verdict sheet to the jury room. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the verdict sheet, date it and sign it, and then return to the courtroom.

During your deliberations, if you should desire to communicate with the Court, please put a message or question in writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. After consulting with counsel, I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you. I caution you, however, with regard to any message or question you might send, that you should never state or specify your present numerical division on the verdict.

SOURCE:      Adapted from 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE &
             INSTRUCTIONS - CIVIL §§106.01, 106.04, 106.08 (5th ed. 2000)

## SEPARATE CHARGES OF THE PARTIES:  BY DEFENDANT

**1.  Mitigation of Damages:**

- A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.  If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort.  If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity. You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The defendant has the burden of proving the damages which the plaintiff could have mitigated.  In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable. 5th Cir. PJI Civ. § 15.15.

**Plaintiff's objection:** The sole claim in this action is for the intentional tort of civil assault, and thus there is no basis or rationale for a mitigation of damages charge.  Moreover, the charge could confuse the jury to the extent it is erroneously applied to their deliberations as to liability rather than the measure of damages.

**2.  Note taking**

- Defendant objects to note taking by the jurors.