UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VLAD LYUBOVNY p/k/a "DJ VLAD,"

      Plaintiff,

  -against-

WILLIAM LEONARD ROBERTS II p/k/a "RICK ROSS,"

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 7252 (PGG)

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT'S
INTRODUCTION OF CERTAIN TESTIMONY AND DOCUMENTS AT TRIAL**

        CAPLAN & ROSS, LLP
        100 Park Avenue, 18TH Floor
        New York, New York  10017
        (212) 973-2376

        Counsel for Plaintiff

**PRELIMINARY STATEMENT**

In this civil assault case, in which Plaintiff was savagely beaten and sustained permanent injuries in Houston, Texas on August 10, 2008, Defendant apparently intends to introduce highly prejudicial and irrelevant facts to improperly influence and confuse the jury. This motion is intended to redress this issue.

During Plaintiff's deposition in this personal injury action, taken on January 7, 2010, counsel for Defendant elicited testimony from Plaintiff concerning Plaintiff's sale of "mixed tapes" prior to the events complained of in the Complaint as well as testimony concerning Plaintiff's attitude towards certain social groups, his past arrests and marijuana use, his journalistic reporting about Julia Beverly, and a prior justifiable use of force in self defense to repel an assault upon him. Plaintiff believes that Defendant may intend to introduce portions of Plaintiff's deposition testimony relating to these subject areas (described more specifically in Schedule A, which is annexed hereto)[1] as well as other evidence relating thereto at trial. However, neither Plaintiff's testimony nor evidence supporting that testimony is relevant to the claims asserted in this action. Moreover, even if deemed relevant, the probative value of the testimony and evidence is far outweighed by the prejudice that would result to Plaintiff from their admission. The evidence concerning Plaintiff's prior acts and character is inadmissible character evidence and has no bearing on Plaintiff's credibility or his truth or honesty. In addition, Plaintiff believes that Defendant will attempt to introduce evidence at trial relating to the fact that Defendant was never criminally charged or convicted of the underlying assault that took place in Houston, Texas on August 10, 2008 in order to impermissibly persuade the jury that Defendant has no legal responsibility for the assault at issue.

---

[1] Copies of the cited excerpts from plaintiff's and defendant's depositions are being submitted with the courtesy copy of this motion.

Accordingly, Plaintiff hereby moves this Court *in limine* for an Order, pursuant to Rules 401, 402, 403, 404, 405(b) and 608(b) of the Federal Rules of Evidence, precluding Defendant from introducing any evidence or testimony at trial relating to:

i. the sale of various "mixed tape" compilations of recorded music without the authorization of the recording artists or recording companies who owned the underlying music (the "Mixed Tapes") by Plaintiff or any other previous instance of alleged copyright infringement;

ii. a prior incident in which Plaintiff used force to repel an attack upon him and allegedly injured his assailant;

iii. claims or innuendo that Plaintiff is a racist or otherwise bigoted, including but not limited to Plaintiff's use, at any time, of racial or homosexual slurs and of a highly-charged racial word in various song titles contained on the Mixed Tapes;

iv. whether Plaintiff ever used marijuana or was arrested for driving with a suspended license;

v. whether Plaintiff posted or approved a posting of a story on his website, Vladtv.com, about Julia Beverly performing sexual acts in exchange for interviews; and

vi. the fact that Defendant was never charged or convicted of any offense relating to the alleged August 10, 2008 assault.

Such testimony and evidence are not relevant to the claims asserted in this action, and any probative value from their admission is far outweighed by the burden and undue prejudice of their admission.  Moreover, some of the testimony constitutes inadmissible character evidence, and, since the testimony and evidence has no bearing on Plaintiff's truthfulness or honesty, it cannot be introduced to attack his credibility.

**STATEMENT OF FACTS**

This is an action concerning a brutal attack upon Plaintiff Vlad Lyubovny, professionally known as "DJ Vlad," (hereinafter "DJ Vlad" or "Plaintiff") that was allegedly orchestrated by Defendant William Leonard Roberts II, professionally known as "Rick Ross," (hereinafter "Ross" or "Defendant") with the purpose and intent to obtain retribution for Plaintiff's journalistic reporting about him.  Plaintiff, an established and respected member of the music

2

community, hosts a hip-hop news website, Vladtv.com, which during 2008 commented on the fact that Defendant, contrary to his carefully-crafted public persona as a drug dealer and "gangster," was a former correctional officer.  Plaintiff maintains that Defendant lured Plaintiff to a meeting in Houston, Texas on August 10, 2008, for the purpose of obtaining retribution for those comments.  Plaintiff claims that at the meeting, Defendant through his entourage or posse (consisting of a personal manager, two "business associates," and a friend / fellow rapper named "Gunplay" with whom Defendant had collaborated), acting upon the direction and behest of Defendant, without just cause or provocation, intentionally, willfully, maliciously, and unjustifiably brutally assaulted, battered, and struck Plaintiff about his head and body, causing Plaintiff to suffer serious personal injuries.[2]  Although a police report was taken by the Houston police department, to date, Defendant has not been charged or convicted of a crime related to this incident.

During Plaintiff's deposition in this personal injury action, which was taken on January 7, 2010, Defendant's counsel spent an inordinate amount of time questioning Plaintiff about his past, as noted above.  None of these issues have any relevance to this proceeding.

## ARGUMENT

### I. Testimony and Evidence Concerning the Plaintiff's Prior Activities is Not Relevant to the Claims Asserted Here

The Federal Rules of Evidence solely permit the introduction of evidence that is "relevant," and further mandate that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Relevant evidence is statutorily defined as follows:

---

[2] Plaintiff intends on introducing at trial a graphic videotape of the underlying assault.

3

> "Relevant evidence" means evidence having any tendency to make the existence of any fact *that is of consequence to the determination of the action* more or less probable than it would be without the evidence.

Fed. R. Evid. 401 (emphasis added).  Thus, only evidence that bears on the specific claims at issue that are to be tried by the Court is admissible.

In this action, Plaintiff's claim concerns his allegations that, as a proximate consequence of Defendant's actions, he was physically battered and assaulted. Whether Plaintiff has ever previously infringed any of the United States copyright laws is simply not at issue in this action. Defendant should not be permitted to present evidence related to Plaintiff's sale of the Mixed Tapes or of any previous instance in which Plaintiff otherwise allegedly infringed any copyright, as such evidence will shed no light on any fact of consequence to the determinations to be made in this personal injury action.

Likewise, evidence or testimony relating to a prior incident in which Plaintiff used violence to ward off an attack against him, thus injuring the assailant, is also irrelevant to the present action since Defendant does not claim to have used force to repel an attack by Plaintiff upon him and does not contend that he knew Plaintiff's prior history at the time of the August 10, 2008 incident. *See Transcript of Videotaped Deposition of William Leonard Roberts II, Jan. 18, 2010,88:20 - 92:18; 118:20-120:6; 140:13-143:21.* Defendant cannot claim that Plaintiff's prior use of force to compel an attack influenced his conduct.  Although Defendant raises a defense that he was assaulted and threatened by Plaintiff, *see Amended Answer and Counterclaim* ¶ 17, Defendant admitted in his deposition testimony, given on January 18, 2010, that he did not feel threatened by and was not assaulted by Plaintiff on the date in question.  *See Transcript of Videotaped Deposition of William Leonard Roberts II, Jan. 18, 2010,128:8-129:16; 140:19-142:12; 143:12-143:21.*  Thus, given the lack of any other allegations

4

concerning acts of violence by Plaintiff, any evidence pertaining to Plaintiff's prior incident of violence is just not relevant to the present action.

Further, evidence or testimony supporting the claim or innuendo that Plaintiff is a racist or otherwise bigoted, including but not limited to Plaintiff's use, at any time, of racial or homosexual slurs or Plaintiff's alleged sale of a mixed tape containing a song created by a recording artist which uses the word "nigger" in its title, is irrelevant to the instant action, which contains no race-motivated or other socially-protected category of motivated claims or counter-claims.

Next, the fact that Plaintiff has been arrested for driving with a suspended license and the fact that Plaintiff has smoked marijuana in the past are completely irrelevant to the claims in this action. Plaintiff's admitted past marijuana use has no bearing on the present case with respect to his memory as he was never asked, and did not admit to, whether he had used marijuana on the day of the incident. Otherwise, Plaintiff's arrest history and past marijuana use are simply not relevant to the assault claim asserted in this action.

Finally, the defense counsel's line of questioning concerning Plaintiff's journalistic reporting about Julia Beverly is wholly irrelevant to any claims, counterclaims, or defenses in this action. Ms. Beverly is not a party to this action or a witness to the August 10, 2008 incident, yet it appears from the parties' joint pre-trial order that Defendant intends to call Julia Beverly as a witness and to introduce portions of DJ Vlad's deposition testimony concerning her. To the extent that Ms. Beverly's testimony will concern the subject matter contained in 55:19-57:15 of Plaintiff's deposition, relating to whether Plaintiff posted or approved of a posting on his website, Vladtv.com, of a story concerning Julia Beverly, such testimony is irrelevant and

therefore inadmissible under Rule 402, as would be any other proffered evidence supporting this line of questioning and deposition testimony.

## II. The Potential Prejudice From Introducing the Subject Prior Activities of Plaintiff Outweighs Any Probative Value It Could Have

Even if it could be found that the categories of evidence above are relevant to the case, such evidence should not be admitted because its probative value is clearly outweighed by the prejudice it would cause Plaintiff if submitted to the jury.

Pursuant to Rule 403 of the Federal Rules of Evidence, even relevant evidence is to be excluded where its probative value is outweighed by other concerns, such as prejudice, undue delay and waste of time:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

In addition to the lack of relevance of the subject testimony and evidence to the instant proceedings, their introduction would clearly be prejudicial to Plaintiff, cause confusion of the issues, mislead the jury and be a waste of time.  While Defendant may, for strategic reasons, hope to shine the spotlight on some of Plaintiff's past actions in order to draw the attention away from his own current transgressions, the introduction of evidence relating to Plaintiff's alleged past copyright infringement, a totally unrelated break-in occurrence, Plaintiff's alleged racism or bigotry, Plaintiff's prior arrests and general marijuana use, and postings concerning Julia Beverly, would simply prejudice the jury against Plaintiff and distract the minds of the jurors with issues that are not germane to the present trial.

6

The current litigation solely concerns the events leading up to the August 10, 2008 meeting, the actual physical altercation that occurred, and Plaintiff's resulting injuries. To present the jury with issues concerning copyright infringement, an unrelated incidence of violence, alleged racial bigotry, unrelated arrests, general marijuana use, and other instances of Plaintiff's music industry news reporting would be a confusing, needless and wasteful exercise that would not further either party's interests or claims in the action as none of that evidence, even if true, helps demonstrate or refute the assault claim asserted in the Complaint. The probative value of this evidence, if any, is dramatically outweighed by the immense prejudice it would cause Plaintiff to have the jury receive it. The sole consequence of introducing such evidence would be to embarrass and impugn Plaintiff in the eyes of the jury with no equal demonstration of facts to prove or disprove the elements of the underlying claims.

### III. Evidence Concerning Plaintiff's Use of Racially Charged Words is Inadmissible Character Evidence

With respect to the proposed admission by Defendant of evidence and testimony tending to show Plaintiff's bigotry or racism, this evidence is inadmissible under Rule 404 of the Federal Rules of Evidence. Rule 404 provides that: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion…" Fed.R.Evid. 404. The introduction of evidence to create the innuendo that Plaintiff is a racist can only conceivably be introduced to create the perception in the minds of the jurors that Defendant's altercation with Plaintiff was racially motivated, a claim which has not been made, and that Plaintiff's participation in the altercation stemmed from his allegedly racist or bigoted nature. The use of the proposed evidence in this manner is impermissible.

Likewise, such evidence, including but not limited to evidence and testimony of Plaintiff's inclusion of a recording on a mixed tape that uses the word "nigger" in its title and his

7

use of racial and homosexual slurs, is also inadmissible under Federal Rule of Evidence 405(b), which only permits proof of "specific instances of […] conduct" where the "character or a trait of character of a person is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). As the character of Plaintiff is not at issue, has not been put in issue by his own allegations, and is not an essential element of any counterclaim raised against him, the evidence is inadmissible under Rule 405(b). None of the potentially proffered evidence bears on Plaintiff's overall credibility or his truth or honesty.

### IV. Evidence Relating to Plaintiff's Prior Use of Force, Past Arrests, and Prior Marijuana Use is Inadmissible Character Evidence

Federal Rule of Evidence 404(b) precludes the admission of evidence pertaining to Plaintiff's prior use of force against an intruder as well as evidence of his past arrests and marijuana use. Rule 404(b) states, in pertinent part, that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b).

Plaintiff's testimony concerning his prior use of force to repel an attacker is evidence of a prior act committed by Plaintiff and is of no use to Defendant unless it is to be used in order to "prove the character of [Plaintiff] in order to show action in conformity therewith." Defendant would most likely seek to use the evidence concerning this prior incident in order to show that Plaintiff somehow had a provocative role in the violent events described in the Complaint which was typical of his character. Without regard to the lack of plausibility of that presumption, the evidence simply cannot be used in this manner.

With respect to evidence relating to Plaintiff's prior use of force to defend himself from an attack by an intruder, that evidence is also precluded by Rule 405(b), since Plaintiff's propensity for violence, in general or on that one occasion, is not an essential element of any

8

charge, claim or defense against him.  Although there is an affirmative defense (17) alleging that Plaintiff threatened and assaulted Defendant, such claim is belied by Defendant's own deposition testimony.  *See Transcript of Videotaped Deposition of William Leonard Roberts II, Jan. 18, 2010,128:8-129:16; 140:19-142:12; 143:12-143:21*.  Moreover, Defendant has acknowledged that he did not know of Plaintiff's history prior to the incident. *See Transcript of Videotaped Deposition of William Leonard Roberts II, Jan. 18, 2010,88:20 - 92:18; 118:20-120:6; 140:13-143:21*.  Accordingly, Plaintiff's prior use of force could not have impacted upon Defendant's conduct.

Rule 404(b) also precludes the admission of testimony and evidence concerning Plaintiff's other "crimes, wrongs, or acts," including, but not limited to, whether Plaintiff has ever been arrested and whether Plaintiff has ever smoked marijuana.  The admission of such evidence would only serve the purpose of creating a negative image of Plaintiff in the minds of the jurors by implying that his involvement in the August 10, 2008 incident was in conformity with his past behaviors, an inappropriate and impermissible use of character evidence.

### V. **Evidence Relating to the Lack of Criminal Charges or a Conviction of Defendant Relating to the Incident To Date is Prejudicial and Irrelevant, and Would be Confusing to a Jury**

Although a police report was filed with the Houston police department, to date, the Defendant has not been charged or convicted of a crime related to the incident.  Pursuant to Federal Rules of Evidence 402 and 403, admitting this evidence to a jury as part of this civil case would be irrelevant, prejudicial, and confusing, particularly in light of the higher "beyond reasonable doubt" standard of proof required in a criminal matter.  The fact that Defendant was not charged or convicted of a crime in Houston, Texas is not dispositive of whether Defendant engineered the civil assault at issue in this proceeding.  Furthermore, if such evidence were to be

9

admitted, the jury would needlessly have to be instructed on the different burdens of proof required in civil and criminal actions. That is, that the burden of proof for a civil case is a preponderance of the evidence whereas the burden of proof in a criminal case is proof beyond a reasonable doubt.

### VI. Evidence Relating to the Plaintiff's Conduct Cannot be Used to Attack his Credibility, except where it is Probative of Truthfulness

Pursuant to Rule 608(b) of the Federal Rules of Evidence, specific instances of conduct of a witness cannot be used to attack his credibility, except were it is probative of truthfulness:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be provided by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

None of the instances of conduct that are the subject of the instant motion bear on the truthfulness or untruthfulness of Plaintiff. These pieces of evidence have no conceivable impact on Plaintiff's credibility, and thus are not admissible to attack Plaintiff's credibility.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that his motion to preclude the introduction of evidence or testimony at trial by granted in its entirety.

Dated: March 26, 2010

        **CAPLAN & ROSS, LLP**

        By: S/Jonathan J. Ross
           Brian D. Caplan (BC 1713)
           Jonathan J. Ross (JR 0581)
        100 Park Avenue, 18th Floor
        New York, New York 10017
        (212) 973-2376
        *Attorneys for Plaintiff*

## SCHEDULE A

| *Category of Evidence* | *Deposition Transcript Designation* |
|---|---|
| Plaintiff's sale of Mixed Tapes and other instances in which Plaintiff may have otherwise previously infringed any copyrights | 19:20-21:10 re: Mixed Tapes<br>22:5-30:16 re: Mixed Tapes<br>30:23-33:22 re: Girls of Brazil DVD<br>33:23-35:10 re: Urbanworlddvd.com<br>35:11-36:4 re: Devil's Advocate Mixed Tape<br>42:5-43:16 Beef Tape Mixed Tape<br>46:23-49:24 re: Too Short Mixed Tape<br>49:25-51:23 Vlad the Butcher Mixed Tape<br>204:9-208:20 re: Mixed Tapes |
| A prior incident in which Plaintiff used force to repel an attack upon him and injured his assailant | 146:3-149:23 |
| Plaintiff's use, at any time, of racial or homosexual slurs and of a highly-charged racial word on the title of songs contained on the Mixed Tapes | 49:25-51:23 re: "N" word on song titles<br>63:3-64:11 re: slurs |
| Testimony as to whether Plaintiff had ever been arrested or smoked marijuana | 150:19-151:21 |
| Evidence concerning whether Plaintiff ever reported a story about Julia Beverly that she performed sexual acts in exchange for interviews | 55:19-57:15 |

## **CERTIFICATE OF SERVICE**

I, Jonathan J. Ross, hereby certify that on March 26, 2010, I served a true and correct copy of the within Plaintiff's Motion in Limine to Preclude Defendant's Introduction of Certain Testimony and Documents at Trial upon the following by email and mail:

>Xavier Donaldson, Esq.
>Donaldson, Chilliest & McDaniel, LLP
>103 East 125th Street, Suite 1102
>New York, NY 10035
>(212) 722-4900
>Attorneys for the Defendant

Dated: March 26, 2010
      New York, New York

                                                  S/Jonathan J. Ross
                                                      Jonathan J. Ross