UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VLAD LYUBOVNY p/k/a "DJ VLAD,"

                   Plaintiff,

    -against-

WILLIAM LEONARD ROBERTS II p/k/a "RICK ROSS,"

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 7252 (PGG)

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM PROFFERING EXPERT WITNESSES**

# PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM PROFFERING EXPERT WITNESSES

CAPLAN & ROSS, LLP
100 Park Avenue, 18TH Floor
New York, New York  10017
(212) 973-2376

Counsel for Plaintiff

## PRELIMINARY STATEMENT

Plaintiff hereby moves this Court *in limine* for an Order, pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Rule 702 of the Federal Rules of Evidence, precluding Defendant from utilizing experts or other professionals to rebut the injuries claimed by Plaintiff in this action. In support of the motion, Plaintiff states as follows:

## STATEMENT OF FACTS and ARGUMENT

Although Rule 702 of the Federal Rules of Evidence generally permits a party to utilize expert testimony, Federal Rule of Civil Procedure 26(a)(2)(C)(i) required Defendant to disclose the identity of any proffered expert no later than 90 days prior to the trial date, which is presently scheduled for April 12, 2010. Defendant has never disclosed or advised Plaintiff that he intends to use any expert in this action. In fact, pursuant to the Discovery Order entered on December 9, 2009, the last day for fact discovery and expert discovery in this case was January 29, 2010. Defendant has failed to meet the requirements under Rule 26 to avail himself of the use of expert witnesses in his case-in-chief.

To the extent that Defendant intends to offer expert testimony to rebut the personal injury claimed by Plaintiff or to contradict the assessments of Plaintiff's injuries by Plaintiff's expert witnesses, his capacity to do so is limited by Rule 26(a)(2)(C)(ii), which states in pertinent part that, absent a stipulation or court order, the disclosure of expert testimony must be within thirty days after the other party's disclosure:

> "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), [must be made] within 30 days after the other party's disclosure."

Plaintiff disclosed the expert witnesses he intended to rely upon at trial in his Expert Witness Disclosure on October 14, 2009 and provided Defendant's counsel with medical records and authorizations relating to the medical treatment Plaintiff received and Plaintiff's testifying expert, Dr. Aric Hausknecht, M.D., a neurologist. There is no question that Defendant's failure to disclose a rebuttal expert witness precludes Defendant from calling or relying on such expert at trial.

While Defendant's witness list for trial does not specify an rebuttal expert on its case in chief, Plaintiff respectfully submits that any professional called on to rebut Plaintiff's experts' assessments be precluded from testifying as an expert witness in this action.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to preclude the subject proffered expert testimony should be granted in its entirety.

Dated: March 26, 2010                                    Respectfully submitted,


                                                         **CAPLAN & ROSS, LLP**


                                                         By: S/Jonathan J. Ross
                                                             Brian D. Caplan (BC 1713)
                                                             Jonathan J. Ross (JR 0581)
                                                         100 Park Avenue, 18th Floor
                                                         New York, New York 10017
                                                         (212) 973-2376
                                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Jonathan J. Ross, hereby certify that on March 26, 2010, I served a true and correct copy of the within Plaintiff's Motion in Limine to Preclude Defendant From Proffering Expert Witnesses upon the following by email and first class mail:

>Xavier Donaldson, Esq.
>Donaldson, Chilliest & McDaniel, LLP
>103 East 125th Street, Suite 1102
>New York, NY 10035
>(212) 722-4900
>Attorneys for the Defendant

Dated: March 26, 2010
New York, New York



S/Jonathan J. Ross
Jonathan J. Ross